**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant,**

v.

**GLOBE INDEMNITY COMPANY, Appellee.**

Court of Appeals of Kentucky.

May 26, 1967.

Carl J. Bensinger and Louis N. Garlove, Louisville, for appellant.

William A. Miller, Louisville, for appellee.

CULLEN, Commissioner.

This appeal is from a judgment on a litigated question between two automobile liability insurers as to their respective liabilities for damages paid to a person who was injured by an automobile driven by a nonowner (with the consent of the owner). The appellant Government Employes Insurance Company was the *driver's* insurer, and its policy, as is customary, covered him while driving automobiles not owned by him. The appellee Globe Indemnity Company was the *owner's* insurer and, again in accordance with custom, its policy covered other persons driving the insured car with the owner's consent. Thus, except as precluded or limited by special clauses in the policies, hereinafter discussed, both insurance coverages were available to the driver.

The circuit court held that the *owner's* insurer was not liable and that the full liability fell on the *driver's* insurer (the liability did not exceed the limits of either policy). Whether that ruling is correct is the question before us.

The *driver's* policy contained what is known as an "excess insurance" clause. In substance, it provided that in the case of a loss arising out of use by the insured of a nonowned automobile the policy would be "excess insurance over any other valid and collectible insurance."

The owner's policy also contained an "excess insurance" clause. However, by an endorsement, it contained in addition an "escape" clause which provided in effect that the policy would not cover a person other than the named insured and his employees, if other valid and collectible insurance, *"either primary or excess"* (our emphasis), was available to such person.

The circuit court held that the escape clause relieved the owner's insurer of liability under the facts of this case.

The question presented is by no means a novel one. It and closely related questions have been the subject of recent annotations in 46 A.L.R.2d 1163, 69 A.L.R.2d 1122, and 76 A.L.R.2d 502. As pointed out in these annotations three basic kinds of situations

normally have been involved. First, one policy contains an "excess insurance" clause and the other a *standard* "escape" clause. Second, both policies contain an "excess insurance" clause. Third, one policy contains an "excess insurance" clause and the other contains a "pro rata" clause. In the first situation the general holding has been that the insurer whose policy contains the "escape" clause is liable and the other insurer is not (of course except as to an excess). See 46 A.L.R.2d 1163. Our case of State Farm Mutual Automobile Insurance Company v. Hall, 292 Ky. 22, 165 S.W.2d 838, adopts the majority view. In the second situation the majority of decisions have required proration. See 69 A.L.R.2d 1122. In the third situation, at least where the *owner's* policy contains the "pro rata" clause and the *driver's* policy contains the "excess insurance" clause, the weight of authority has been that the *owner's* insurer is solely liable (again except for an excess). See 76 A.L.R.2d 502.

To the extent that an "escape" clause has been involved in the cases covered by the annotations above mentioned, in most instances the clause has been a *standard* one, simply negativing any liability if "other valid and collectible insurance" is available to the driver. The distinguishing feature of the owner's policy in the instant case is that its "escape" clause is *not standard;* it denies liability if other insurance, *either primary or excess,* is available to the driver. This means that the owner's insurer anticipated the possibility of the existence of an "excess insurance" clause in the driver's insurance policy, and *expressly contracted* against liability in that situation. In Continental Casualty Company v. Weekes, Fla., 74 So.2d 367, 46 A.L.R.2d 1159, where the owner's policy contained a substantially identical "escape" clause, the Florida court held that the clause was a valid, express condition against liability and that the owner's insurer therefore was not liable where the driver's policy contained an "excess insurance" clause.

We think that the reasoning of the Florida court is sound and its holding correct. In accord is Continental Casualty Company v. Suttenfield, 5 Cir., 236 F.2d 433. See also 7 Am.Jur.2d, Automobile Insurance, sec. 202, p. 546.

The judgment is affirmed.

All concur.