**OHIO CASUALTY INSURANCE COMPANY, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

Court of Appeals of Kentucky.

June 14, 1974.

H. Jefferson Herbert, Jr., Wilson, Herbert, Garmon & Gillenwater, Glasgow, for appellant.

Benjamin L. Dickinson, Richardson, Barrickman & Dickinson, Glasgow, for appellee.

STEINFELD, Justice.

This action sought a declaration of rights to resolve a dispute between two insurance companies as to which one should defend and indemnify H. C. James with respect to an automoibile accident. The facts being undisputed, counsel for the parties aided the trial court and this court by filing a "Stipulation of Facts," which in pertinent part is as follows:

"1. On October 7, 1971 H. C. James left his automobile with McCoy Motor Company for * * * repairs intending to * * * pick (it) up * * * the same day. Either as a courtesy to Mr. James * * * or because he had shown interest in purchasing a new automobile, McCoy Motor Company furnished a * * * Plymouth to Mr. James * * *. While operating said * * * Plymouth * * *, Mr. James was involved in an accident the same day * *, resulting in property damage and personal injuries, the extent and proximate cause of which are disputed.

\* \* \* \* \* \*

3. On October 7, 1971 State Farm had in existence and in force a policy of Public Liability Insurance naming H. C. James as the insured, * * *.

4. On October 7, 1971 Ohio Casualty had in existence and in force a Garage Liability Policy naming Virgil McCoy D/B/A McCoy Motor Company, as the insured, * * *."

The trial court held " * * * that the policy provisions * * * are mutually repugnant and irreconcilable" and that the two insurers " * * * are liable for the defense, protection and indemnification of Mr. James * * * on a 50–50 basis up to $20,000.00 and that State Farm is liable for any excess from $20,000.00 to $35,000.-00." Ohio Casualty appeals. We affirm.

The findings of fact of the trial court are in part as follows:

"The policies of both companies contained 'other insurance' clauses which sought to relieve the respective companies from liability arising under its policy when there was other collectible insurance available to cover the liability either in whole or in part.

Applicable portions of State Farm's (James the driver's) policy read specifically:

'9(b) The insurance with respect to

(i) a *temporary substitute automobile,*

(ii) a *trailer,* or

(iii) a *non-owned automobile,*

owned by any person or organization engaged in the *automobile business,* SHALL NOT APPLY TO ANY LIABILITY OR *LOSS* AGAINST WHICH THE *INSURED* OR THE OWNER OF SUCH VEHICLE HAS OTHER COLLECTIBLE INSURANCE APPLICABLE THERETO, IN WHOLE OR IN PART.

(c) Subject to the foregoing paragraph (b), the insurance with respect to any other *temporary substitute automobile, trailer* or *non-owned automobile* shall be excess over other collectible insurance.'

\* \* \* \* \* \*

Applicable portions of Ohio Casualty's (the garage's) policy read specifically:

'In consideration of the reduced rate of premium made applicable to the Garage Liability Insurance, it is agreed that garage customers are not insureds with respect to the *automobile hazard* except in accordance with the following additional provisions:

(1) If there is other valid and collectible insurance whether primary, excess or contingent, available to the *garage customer* and the limits of such insurance are sufficient to pay *damages* up to the amount of the *applicable financial responsibility limit,* no *damages* are collectible under this policy.

(2) If there is other valid and collectible insurance available to the *ga-*

*rage customer,* whether primary, excess or contingent, and the limits of such insurance are insufficient to pay *damages* up to the amount of the *applicable financial responsibility limit,* then this insurance shall apply to the excess of *damages* up to such limit.

(3) If there is no other valid and collectible insurance, whether primary, excess or contingent, available to the *garage customer,* this insurance shall apply, but the amount of damages payable under this policy shall not exceed the *applicable financial responsibility* limit.' [a]

\* \* \* \* \* \*

The limits of liability of the respective policies are as follows:

| | |
|---|---|
| State Farm | 25/50/15 |
| Ohio Casualty | 10/20/5." |

Ohio Casualty, to obtain reversal, argues that James, as a garage customer, did not become an insured, therefore its policy never became applicable and the coverage of James' State Farm policy was never terminated. It relies on a number of cases, among which are Indiana Lumbermen's Mutual Insurance Co. v. Mitchell, 285 F. Supp. 969 (E.D.Ill.1968), affirmed as Indiana Lumbermen's Mutual Insurance Co. v. Mitchell, 409 F.2d 392 (7th Cir. 1969); State Farm Mutual Automobile Insurance Co. v. Western Casualty and Surety Co., Mo., 477 S.W.2d 421 (1972), and Government Employees Insurance Co. v. Globe Indemnity Co., Ky., 415 S.W.2d 581 (1967).

Ohio Casualty produced as a witness the manager of its Louisville office as it claimed that there was a policy ambiguity, therefore this manager explained the terms of the policy issued to the garage. We see no ambiguity in the pertinent parts of either policy, although there is a conflict between them. The manager's explanation is valueless.

(a) KRS 187.490(2)(b) provides that the amounts fixed in the Ohio Casualty policy establish financial responsibility.

Specifically, Ohio Casualty argues that its policy contained a nonstandard escape clause which negates " * * * any liability if 'other valid and collectible insurance' is available to the driver." The general rule is stated in Appleman Insurance Law & Practice, Sec. 4914, where it is written:

"4914. Liability Coverages Generally— Primary Versus Excess Coverage.

It has been held that where the owner of an automobile or truck has a policy with an omnibus clause, and the additional insured also has a non-ownership policy which provides that it shall only constitute excess coverage over and above any other valid, collectible insurance, the owner's insurer has the primary liability. In such case, the liability of the excess insurer does not arise until the limits of the collectible insurance under the primary policy have been exceeded. It should be noted that under this rule, the courts give no application to the other insurance clause in the primary policy, which provides that if the additional insured has other valid and collectible insurance, he shall not be covered by the primary policy. That is because the insurance under the excess coverage policy is not regarded as other collectible insurance, as it is not available to the insured until the primary policy has been exhausted. Or, to put it another way, a non-ownership clause, with an excess coverage provision, does not constitute other valid and collectible insurance within the meaning of a primary policy with an omnibus clause."

However, in Government Employees Insurance Co. v. Globe Indemnity Co., supra, we held that the insurer of the owner of the vehicle which was involved in the accident was not liable because the "escape clause" in the owner's policy was " * * * *not standard*; it denie(d) liability if other insurance, either *primary or excess* (was) available to the driver." We said that his company had " * * * *expressly contracted* against liability in that situation."

■ Here, James' policy with State Farm expressly provided that except to the excess of liability it did not afford protection while James was driving an " * * * automobile owned by any person or organization engaged in the automobile business * * *." The garage's policy with Ohio Casualty contained the same type of escape clause which allowed the insurer of the automobile which was involved in the accident to escape in Globe. The result of these two "non-coverage clauses" makes the policies mutually repugnant. Travelers Indemnity Co. v. Chappel, Miss., 246 So.2d 498 (1971). The words "collectible insurance" found in both policies become critical and aid us in concluding that the trial court did not err in proportioning liability between the two companies.

Ohio Casualty argues that if it is liable at all the liability should be limited to ⅔ths of any recovery against James and that State Farm should pay ⅚ths of that recovery. Section 9 of the State Farm policy reads:

. "9. Other insurance. Under coverages A, B, D, F, G and R if the insured has other insurance against liability or loss covered by this policy, the company shall not be liable for a greater proportion of such liability or loss than the applicable limit of liability bears to the total applicable limit of liability of all collectible insurance against such liability or loss."

Section 6(b) of the Ohio Casualty policy provides:

"Contribution by Limits. If any of such other insurance does not provide for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss."

Ohio Casualty cites Rocky Mountain Fire & Casualty Co. v. Allstate Insurance Co.,

13 Ariz.App. 31, 474 P.2d 38 (1970); Graves v. Traders & General Insurance Co., 252 La. 709, 214 So.2d 116 (1968), and United Services Automobile Association v. Hartford Accident & Indemnity Company, 220 Tenn. 120, 414 S.W.2d 836 (1967). State Farm replies that Calvert Fire Insurance Co. v. Stafford, Ky., 437 S.W.2d 176 (1969), decided this question adversely to the argument advanced by Ohio Casualty. Although *Stafford* involved "collision coverage" and the opinion does not mention the policy's limits, it held that the two insurers should bear the loss equally.

Our analysis, and that of the trial court, is that both policies attempted to limit coverage to the excess over the other and that the provisions with respect to proration are irreconcilable; therefore, it is our opinion that each insurer is jointly obligated to defend James and to indemnify him up to the limit of the smaller of the two policies (Ohio Casualty) and State Farm for the remainder up to the limit of its policy.

The judgment is affirmed.

All concur.