560 S.W.2d 22 (1977)
ROYAL-GLOBE INSURANCE COMPANIES, Appellant,
v.
SAFECO INSURANCE COMPANY OF AMERICA and Edward B. Wickley, Appellee.
SAFECO INSURANCE COMPANY OF AMERICA and Edward B. Wickley, Appellants,
v.
ROYAL-GLOBE INSURANCE COMPANIES and Bob Smith Chevrolet, Inc., Appellees.
Court of Appeals of Kentucky.
November 4, 1977.
Rehearing Denied January 13, 1978.
*23 William A. Miller, Washer, Kaplan, Rothschild, Aberson, Miller & Dodd, Louisville, for Royal-Globe Ins. Companies.
Armer H. Mahan, Davis & Mahan, Louisville, for Safeco Ins. Co. of America.
Before HOGGE, PARK and REYNOLDS, JJ.
PARK, Judge.
These consolidated appeals arise out of a declaratory judgment action commenced in the Jefferson Circuit Court to determine the respective liabilities of Royal-Globe Insurance Companies (Royal-Globe) and Safeco Insurance Company of America (Safeco) for injuries caused by an automobile driven by Edward B. Wickley. In 75-987 Royal-Globe appeals from the judgment of the circuit court holding that Royal-Globe, rather than Safeco, was primarily liable for injuries caused by Wickley. In No. 75-991, Safeco and Wickley attempt to appeal from an order of the circuit court overruling their motion to amend the complaint to seek indemnity for additional amounts paid by Safeco in defending Wickley.
Royal-Globe issued a garage liability policy to Bob Smith Chevrolet, Inc., an automobile dealer. Safeco had issued an automobile liability policy to Miss Fannye B. Spaulding, who was the owner of an automobile covered by the Safeco policy. Miss Spaulding's automobile had been damaged in an accident, and it was being repaired by Bob Smith Chevrolet at the time of the accident involving Wickley. Under a written rental agreement, Bob Smith Chevrolet furnished an automobile to Miss Spaulding while her own automobile was being repaired. On November 7, 1973, the automobile rented by Smith Chevrolet was involved in an accident while being driven by Wickley with Miss Spaulding as a passenger.
Under the Safeco policy issued to Miss Spaulding, an "owned automobile" included a "temporary substitute automobile." The automobile furnished Miss Spaulding by Bob Smith Chevrolet constituted a "temporary substitute automobile" within the meaning of the Safeco policy, and Wickley was an insured under the omnibus clause of the Safeco policy. Safeco concedes that it afforded coverage to Wickley, but Safeco contends that it provided only excess coverage. *24 Safeco relies upon the following provision of its policy:
Other Insurance: If the insured has other insurance against a loss covered by the Liability Section of this policy SAFECO shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance hereunder with respect to a temporary substitute automobile or nonowned automobile shall be excess insurance over any other valid and collectible insurance. (emphasis added).
Royal-Globe concedes that its policy provided coverage for Wickley while he was driving the automobile provided by Bob Smith Chevrolet to Miss Spaulding. However, Royal-Globe contends that its liability is limited by the following "escape" clause contained in its policy:
Under Garage Liability Insurance, it is agreed that garage customers are not insureds with respect to the automobile hazard except in accordance with the following additional provisions:
1. If there is other valid and collectable insurance, whether primary, excess or contingent, available to the garage customer and the limits of such insurance are sufficient to pay damages up to the amount of the applicable financial responsibility limit, no damages are collectible under this policy. (emphasis added).
Similar "excess insurance" and "escape" clauses were construed in Government Employees Insurance Company v. Globe Indemnity Company, Ky., 415 S.W.2d 581 (1967). The court held that an "escape" clause in a garage liability policy which specifically referred to other "excess" insurance was a valid condition against liability. Such an "escape" clause protected the insurer against liability when another policy covering the driver contained only an "excess insurance" clause. A similar result was reached in American National Fire Insurance Company v. Aetna Casualty and Surety Company, Ky., 476 S.W.2d 183 (1972).
Bob Smith Chevrolet is a motor vehicle dealer required to be licensed under the provisions of KRS 190.010 to 190.080. As a licensed motor vehicle dealer, Bob Smith Chevrolet was required to file with the Department of Motor Transportation an approved indemnifying bond or insurance policy. KRS 190.033 provides:
The bond or policy shall provide public liability and property damage coverage for the operation of any vehicle owned or being offered for sale by the said dealer or wholesaler when being operated by the owner or seller, his agents, servants, employes, prospective customers or other persons. The amount of said insurance shall be $10,000 for bodily injury or death of any one person; and twenty thousand dollars ($20,000) for bodily injury or death in any one accident; and $5,000 property damage.
The Royal-Globe policy was filed with the department by Bob Smith Chevrolet in compliance with the statute.
Safeco contends that the "escape" clause in Royal-Globe's policy violates the requirements of KRS 190.033 and is, therefore, void. Safeco contends that the decision in Government Employees Insurance Company v. Globe Indemnity Company, supra was "overruled" by the enactment of KRS 190.033. The provisions of KRS 190.033 are not discussed in that decision, and Safeco assumes that the accident giving rise to that litigation occurred prior to the enactment of KRS 190.033 in 1966. Agreeing with Safeco, the circuit court held that Royal-Globe afforded primary coverage for the accident on November 7, 1973, when Wickley was operating Bob Smith Chevrolet's automobile which had been provided to Miss Spaulding.
Compulsory insurance laws are intended to protect the public at large who might otherwise suffer from being injured by uninsured motor vehicles. Compulsory insurance laws are not intended to protect other insurance companies. When the controversy is between two insurers, the liability *25 for a loss should be determined by the terms and provisions of the respective policies without regard to the rights injured third parties might assert under a compulsory insurance law. The purpose of KRS 190.033 is satisfied. As Royal-Globe concedes, it affords coverage to the extent that Safeco's policy does not provide the statutory limits of coverage. The "escape" clause does not violate any public policy set forth in KRS 190.033 when it is asserted in a dispute between two insurers. Corcoran v. State Automobile Insurance Association, 256 Minn. 259, 98 N.W.2d 50 (1959); Michigan Mutual Liability Company v. Carroll, 271 Ala. 404, 123 So.2d 920 (1960); Continental Casualty Company v. Travelers Insurance Company, 84 Ill.App.2d 200, 228 N.E.2d 141 (1967); 12 Couch on Insurance 2d § 45:683 (1964). See also Continental Casualty Company v. Weekes, Fla., 74 So.2d 367, 46 A.L.R.2d 1159 (1954), which was approved and followed on another point by the court in Government Employees Insurance Company v. Globe Indemnity Company, supra.
The circuit court erred in holding that Royal-Globe's "escape" clause violated KRS 190.033. Following the decision in Government Employees Insurance Company v. Globe Indemnity Company, supra, we hold that Safeco afforded primary coverage to Wickley for liability as a result of the accident of November 7, 1973.
Although neither party has cited the case, we believe that mention must be made of the decision in Ohio Casualty Insurance Company v. State Farm Mutual Automobile Insurance Company, Ky., 511 S.W.2d 671 (1974). That case also involved a garage liability policy with an "escape" clause and an automobile liability policy which provided coverage for a temporary substitute automobile. Unlike Safeco's policy in this case, the automobile liability policy of State Farm also contained an "escape" clause. The policy provided that it did not apply to any liability with respect to a temporary substitute automobile "owned by any person or organization engaged in the automobile business." Faced with two conflicting "escape" clauses, the court held that the liability must be pro-rated between the parties. The Safeco policy contained no such "escape" clause. Consequently, this case is determined by the decision in Government Employees Insurance Company v. Globe Indemnity Company, supra, rather than Ohio Casualty Insurance Company v. State Farm Mutual Automobile Insurance Company, supra.
Because Safeco afforded primary coverage, Safeco is not entitled to indemnity from Royal-Globe for amounts paid in settlements of claims made against Wickley. Consequently, the circuit did not commit prejudicial error by refusing to permit Safeco to amend its complaint to increase the amount it was seeking by way of indemnity against Royal-Globe.
In Appeal No. 75-987 the judgment of the circuit court is reversed with directions to enter a judgment dismissing the complaint; in Appeal No. 75-991 the judgment of the circuit court is affirmed.
All concur.