STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Real Party in Interest for George Randall McPherson, Administrator of the Estate of Rickey McPherson, Deceased, Appellant,

v.

Bonnie REGISTER, George Randall McPherson, Administrator of the Estate of Rickey McPherson, Deceased, Jimmy Long, James E. Long, d/b/a Long's Auto Sales, and Travelers Insurance Company, Real Party in Interest for James E. Long, Appellees.

Court of Appeals of Kentucky.

June 22, 1979.

Maxey B. Harlin, Stephen P. Smith, Harlin, Parker & Rudloff, Bowling Green, for appellant.

Jeffrey O'Grody, David W. Anderson, John David Cole, Cole, Harned & Broderick, Bowling Green, for appellees.

Before HAYES, REYNOLDS and VANCE, JJ.

VANCE, Judge.

This is another in a series of cases in which the operator of a motor vehicle is

insured against liability under the terms of policies issued by two separate companies, but each of the policies contain "excess or escape" clauses, and each company seeks to escape all or a part of the liability thereby. *See Government Employees Insurance Company v. Globe Indemnity Company,* Ky., 415 S.W.2d 581 (1967); *Ohio Casualty Insurance Company v. State Farm Mutual Automobile Insurance Company,* Ky., 511 S.W.2d 671 (1974); and *Royal Globe Insurance Companies v. Safeco Insurance Company,* Ky.App., 560 S.W.2d 22 (1978).

The accident here occurred between automobiles operated by Bonnie Register and Rickey McPherson. Bonnie Register was injured and her claim was settled for $12,-900.00. No question as to liability or the amount of settlement is presented.

Appellant, State Farm Mutual, had in force a liability policy issued to George McPherson, the father of Rickey. This policy, under its omnibus clause, would clearly provide coverage for Rickey except for an escape clause which provided that the insurance with respect to a nonowned automobile owned by any person or organization engaged in the automobile business "shall not apply to any liability or loss against which the insured or the owner of such vehicle has further collectible insurance applicable thereto, in whole or in part."

The automobile operated by Rickey McPherson was owned by James E. Long d/b/a Long's Auto Sales. The appellee Travelers Insurance Company had in force a garage liability policy which insured James E. Long and Long's Auto Sales against liability. The automobile in question was normally used by Jimmy Long, the son of the owner, and on this occasion Jimmy Long was a passenger in the automobile. McPherson and Jimmy Long were using the vehicle for a purpose totally unrelated to the business of Long's Auto Sales.

The Travelers policy contained an escape clause which provided that the policy did not afford coverage to garage customers if there was available to the garage customer other valid and collectible insurance, whether primary, excess or contingent. The policy defined "garage customer" as any person other than an employee, director, stockholder, partner, or member of the named insured, or a resident of the same household as the named insured, employee, director, stockholder, partner or member.

The trial court determined that the escape clauses in each of the policies were mutually repugnant and under the authority of *Ohio Casualty Insurance Company v. State Farm Mutual Automobile Insurance Company, supra,* judgment was entered requiring each company to bear one-half of the expense of the settlement of the claim.

The mutual repugnancy of the escape clauses rests upon the fact that the State Farm Mutual policy would absolve State Farm because the vehicle involved was a nonowned automobile owned by a person engaged in the automobile business who had othc: collectible insurance applicable to the claim, while the Travelers policy would absolve Travelers from liability because the operator of the vehicle was a "garage customer" as defined in the policy who had other available collectible insurance applicable to the claim.

The definition of "garage customer" contained in the Travelers policy has the effect of excluding from its coverage everybody except the named insured, its employees, directors, stockholders and partners and residents of their households. It would exclude coverage, to the extent that other insurance was available, to persons who would normally be included under omnibus coverage. State Farm Mutual contends that such an exclusion runs afoul of KRS 187.490 or KRS 190.033. The purpose of these statutes is to protect members of the public and when that protection is provided the purpose of the statute is satisfied.

Here the public policy of the statute is satisfied. The dispute does not concern whether the required coverage exists, but rather which and to what extent the contesting insurance companies shall be required to provide that coverage. When the contest is between two insurers, the liability for a loss should be determined by the

terms and provisions of the respective policies without regard to the rights which injured third parties might assert under a compulsory insurance statute. *Royal Globe Insurance Companies v. Safeco Insurance Company of America, supra.*

State Farm Mutual also contends that McPherson was not a garage customer because he occupies the same position as Jimmy Long, who was covered by the Travelers policy. We find no evidence, however, which would require or justify a holding that Rickey McPherson should be considered to be an employee, director, stockholder, partner or member of Long's Auto Sales or a resident of the household of any such person. The trial court correctly concluded that he was a garage customer as defined in the policy and consequently was excluded from primary coverage under the Travelers policy.

The escape clauses are mutually repugnant and the judgment is affirmed.

All concur.