**UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Appellant,**

v.

**Rose Ann VELJKOVIC; Kentucky Farm Bureau Mutual Insurance; Margaret Owens, Administratrix of the Estate of Curtis Owens, Deceased; Ben Gambrel and Carrie Owens Gambrel, Appellees.**

Court of Appeals of Kentucky.

March 28, 1980.

As Modified May 2, 1980.

William A. Watson, Middlesboro, for appellant.

Samuel E. Davies, Barbourville, for Rose Ann Veljkovic.

John E. Anderson, Lowell W. Lundy, Barbourville, for Estate of Curtis Owens.

Charles R. Luker, London, for Kentucky Farm Bureau Mut. Ins.

Before GUDGEL, HOWARD and WILHOIT, JJ.

HOWARD, Judge.

On September 19, 1977, an automobile driven by Rose Ann Veljkovic collided with a vehicle occupied by Curtis Owens, Ben Gambrel and Carrie Owens Gambrel. As a result of the accident, the administratrix of the estate of Curtis Owens, who was killed in the accident, brought suit against Veljkovic. Ben Gambrel and Carrie Owens Gambrel also filed a separate action against Veljkovic. These two suits were consolidated, at which time Veljkovic filed a third party complaint against her own insurer, Kentucky Farm Bureau Mutual Insurance and Universal Underwriters Insurance, the insurer for White Chevrolet-Pontiac. Veljkovic, at the time of the accident, was driving a car supplied by White Chevrolet-Pontiac as a substitute for her car which was being repaired. The third party complaint sought to establish the duty to defend as well as coverage. Kentucky Farm admitted excess coverage only, whereas Universal sought to invoke a non-standard escape clause to avoid liability. Upon a motion for summary judgment, the trial judge concluded the non-standard escape clause in the Universal policy violated public policy as reflected in K.R.S. 190.033. Consequently, Universal was required by the court to provide primary coverage under the $1,000,000 umbrella policy purchased by White Chevrolet-Pontiac.

The issue before this Court is whether the non-standard escape clause contained in the Universal policy is violative of public policy and therefore invalid. The wording of the clause is as follows:

IV. PERSONS INSURED

Each of the following is an insured under this insurance to the extent set forth below:

. . . .

(3) With respect to the AUTOMOBILE HAZARD

. . . .

(b) any other person while actually using an AUTOMOBILE covered by this coverage part with the permission of the NAMED INSURED, provided, that such other person (a) has no automobile liability insurance of his (her) own, either primary or excess, . . .

■ The trial judge reasoned that the dispute in the third party complaint is not between the two insurers, but rather the other parties to the litigation. It is for such members of the public at large that the Legislature enacted K.R.S. 190.033. Under the principles of *Meridian Mutual Insurance Company v. Siddons*, Ky., 451 S.W.2d 831 (1970), *State Farm Mutual Insurance Company v. Fireman's Fund American Insurance Company*, Ky., 550 S.W.2d 554 (1977), and *State Farm Mutual Auto Insurance Company v. Fletcher*, Ky., 578 S.W.2d 41 (1979), and the public policy expressed therein, the trial court determined public policy would not permit Universal to enforce a provision in its contract which would take away what K.R.S. 190.033 requires to be given.

■ We agree with the trial court that the *Meridian* precedent is controlling. K.R.S. 190.033 compels motor vehicle dealers to carry an approved indemnity bond or insurance policy. A minimum coverage of $10,000.00 for bodily injury or death for any one person and $20,000.00 for bodily injury or death in any one accident is required. This statutory requirement is quite similar to the compulsory uninsured motorists coverage which was the subject of the *Meridian* case. K.R.S. 190.033 and the uninsured motorist provision both establish mandatory minimum insurance coverage. As the Court stated in *Meridian*:

The only possible ground on which the courts could say that such is not the re-

quirement would be that the requirement is so unreasonable that the legislature surely could not have intended it. We cannot say that the requirement is unreasonable. *Id.* at 834.

The statutory requirement is obvious and cannot be circumvented by an escape clause.[1] We must, nonetheless, reverse the judgment of the trial court insofar as the extent of the coverage which Universal is obligated to provide. The public policy expressed in the statutory requirement necessitates the minimum coverage of $10,000.00 per person. There is nothing in the statute which would compel the umbrella endorsement providing $1,000,000 coverage be invoked. Universal need only provide the minimum statutory coverage.

For the aforementioned reasons, the judgment of the Knox Circuit Court is reversed.

All concur.

1. Our conclusion on this point does not conflict with our holding in *Royal-Globe Insurance Companies v. Safeco Insurance Company of America*, Ky.App., 560 S.W.2d 22 (1977). The validity of an escape clause was upheld in that case since the action was between two insurance companies and not between an insurance company and a member of the public as in this case.