The **HARTFORD INSURANCE COMPANY and David Neal**, Appellants,

v.

**KENTUCKY FARM BUREAU INSURANCE COMPANY and H.M. Neal, Jr.**, Appellees.

No. 88–CA–894–S.

Court of Appeals of Kentucky.

March 10, 1989.

Thomas N. Kerrick, Campbell, Kerrick and Grise, Bowling Green, for appellants.

Henry V. Sanders, Matthew B. Troutman, Rawlings & Associates, Louisville, for appellees.

Before HOWARD, LESTER and MILLER, JJ.

HOWARD, Judge.

In this case, an insurance company appeals from a judgment of the Spencer Circuit Court in which it was held liable for an injury to a farm worker although another insurance company insured the same risk.

Gary Neal was working in a tobacco crop for his brother, David Neal, when he fell from a piece of farm machinery and was injured. Around the time of the accident, Gary generally worked for his father, H.M. Neal, Jr. David was insured by The Hartford Insurance Company. H.M. Neal, Jr. was insured by Kentucky Farm Bureau Insurance Company. David was named as an additional insured on H.M.'s policy.

On June 9, 1986, Gary filed a negligence suit against David, H.M. and Mark Stout, the driver of the farm machinery at the time Gary was injured.

Kentucky Farm Bureau brought an action for a declaratory judgment against The Hartford on July 7, 1987. Kentucky Farm Bureau alleged that it and The Hartford insured David for the accident. The company sought a declaration of rights principally in regard to which insurer had primary coverage and which had excess coverage. Subsequently, the declaratory judgment action and negligence action were consolidated.

The parties agree that the resolution of this case depends on the other insurance provisions in each policy. The relevant provision in The Hartford's policy states as follows:

> If any of such other insurance does not contain a provision for contribution by equal shares, this Company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all

valid and collectible insurance against such loss.

The relevant provision in the policy issued by Kentucky Farm Bureau states as follows: "This insurance is excess over any other valid and collectible insurance. However, if the other insurance is specifically written as excess insurance over this policy, the limits of this policy apply first."

The Hartford argued that its provision and the one in the Kentucky Farm Bureau policy were mutually repugnant, and thus, the liability must be shared jointly between the two insurers. Kentucky Farm Bureau maintained that the provisions were not mutually repugnant and that its coverage, by the clear terms of the applicable provision, was secondary.

The trial court entered a declaratory judgment ruling that The Hartford was the primary insurer in regard to Gary's claim. Subsequently, The Hartford and Gary settled for $29,000.

The question of allocating loss among insurers when one policy has an "other insurance" clause calling for a pro rata sharing of the loss, while the other specifies that it is only for coverage in excess of other policies has not been decided by our state courts. However, this question was involved in two cases in federal court where Kentucky parties were involved. *Henderson v. Selective Insurance Company*, 369 F.2d 143 (6th Cir.1966); *Aetna Insurance Company v. State Automobile Mutual Insurance Company*, 368 F.Supp. 1278 (W.D.Ky.1973).

The issue of conflicting "other insurance" provisions has also been considered in other jurisdictions. 12 A.L.R.4th 993, 76 A.L.R.2d 502. It appears that the cases fall into two types.

In the first type, the "pro rata" clause in one policy and the "excess" clause in the other are not held to be mutually repugnant and the policy containing the pro rata provision must be exhausted first up to its policy limits. *Jones v. Medox, Inc.*, 430 A.2d 488 (D.C.App.1981). As explained in

*Jones, supra,* reconciling such provisions must result from an attempt to give effect to the intent of the parties to the policies. The insurer who has an excess provision in a standard liability policy intends that its policy provide secondary coverage when other insurance covers the loss. But an insurer whose policy has a pro rata provision generally intends that it be effective when other valid and collectible "primary" insurance is available. The policy containing the excess clause then is not valid and collectible "primary" insurance for purposes of triggering the pro rata clause.

The view that when a policy containing the pro rata "other insurance" clause conflicts with a policy having an excess "other insurance" clause, the policy with the pro rata provision should be applied first and the excess clause policy would become effective only when the other policy is exhausted is the majority position. *Jones, supra,* 44 Am.Jur.2d *Insurance* § 1791. In *Henderson, supra,* and *Aetna v. State Automobile, supra,* both automobile cases, the courts follow the majority position.[1]

The other view called the *"Lamb–Weston"* rule or the "Oregon" rule was developed in *Lamb–Weston, Inc. v. Oregon Automobile Insurance Company*, 219 Or. 110, 341 P.2d 110 (1959). The Court in *Lamb–Weston* stated that all "other insurance" clauses, whether an "escape" clause "(where the insurer disclaims liability if the insured has other valid and collectible insurance)" an excess clause or a pro rata clause, are all simply different methods of restricting the insurer's liability. Thus, when an other insurance clause in one policy conflicts with that in another policy, regardless of the exact nature of the provision, the court held that they are in fact mutually repugnant and should be rejected. *Id.* The loss between the insurers in *Lamb–Weston, supra,* was apportioned according to the limits of the policy.

The *Lamb–Weston* rule has not been widely adopted. 12 A.L.R.4th 993; 76 A.L.R.2d 498. In fact, the rule has received some criticism. One such criticism is that

1. In *P.L. Kanter Agency, Inc. v. Continental Casualty Company*, 541 F.2d 519 (6th Cir.1976), the Sixth Circuit, applying Michigan law, followed the majority rule in a non-automobile case.

the *Lamb–Weston* rule ignores a basic rule of contracts by failing to consider all of the language in a policy to determine its meaning and intent. *Jones, supra.* Another is that through use of the *Lamb–Weston* rule, the courts are legislating pro rata apportionment whenever a policy has a "other insurance" clause and legislation is not a proper judicial function. *Id.*

We believe that the majority rule in these cases is sound. Consequently, the trial court properly ruled that The Hartford was the primary insurer in regard to Gary's claim.

The judgment is affirmed.

All concur.