**EMPIRE FIRE AND MARINE INSURANCE COMPANY, Appellant,**

v.

**Everett HADDIX, Appellee.**

**No. 93–CA–0773–MR.**

Court of Appeals of Kentucky.

Aug. 23, 1996.

---

Douglas L. Hoots, Sheila P. Hiestand, Landrum & Shouse, Lexington, for appellant.

Gordon W. Moss, Hays, Moss and Lynn, Lexington, for appellee.

Before WILHOIT, C.J., and JOHNSON and MILLER, JJ.

## OPINION

WILHOIT, Chief Judge.

Empire Fire and Marine Insurance Company appeals from a summary judgment which determined that it had the primary duty to defend and indemnify the appellee, Everett Haddix, for losses resulting from an automobile accident. Empire was also adjudged primarily liable for basic reparation benefits to the persons occupying the car driven by Mr. Haddix; however, it does not contest this provision of the summary judgment. *See Rees v. United States Fidelity & Guar. Co.,* Ky.App., 715 S.W.2d 904, 905 (1986); KRS 304.39–050(1).

Mr. Haddix was driving a temporary substitute vehicle supplied by Empire's insured, Hays Chevrolet–Buick, Inc., when he was involved in a single car accident. The two

persons Haddix was transporting at the time of the accident filed suit against him and Hays Chevrolet–Buick. Haddix cross-claimed against Hays Chevrolet–Buick, seeking damages for injuries he allegedly sustained in the accident.

Haddix filed a third-party complaint against Empire seeking a judgment declaring that Empire was primarily liable to provide him a defense and indemnify him for any damages resulting from the suit and that it was primarily liable for basic reparation benefits. The circuit court granted the relief sought by the third-party complaint in a summary judgment made final pursuant to CR 54.02, and Empire appealed to this court.

Haddix's automobile insurance policy contained the following clause:

Other Insurance: If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.

Empire provided the insurance to U–Save Auto Rental of America, Inc., which was owned and operated by Hays Chevrolet–Buick. The Empire policy contained the following clause:

Who Is An Insured: Anyone else is an "insured" while using with "your" permission a covered "auto" "you" own, hire or borrow except:

. . . .

(4) The "rentee" or any driver designated in a "rental agreement." However, if a "rentee" or such other driver:

(a) Has no other available insurance (whether primary, excess or contingent), he or she is an "insured" but only up to the compulsory or financial responsibility law limits.

(b) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility

law limits, he or she is an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limits of his or her other insurance.

. . . .

Other Insurance: For any covered "auto," the insurance provided by this policy is excess over any other collectible insurance or "self insurance" available to "you," any "member" or any "insured," whether such insurance or "self insurance" is primary, excess or contingent.

■ The Empire policy disclaims liability where there is other applicable insurance, regardless of whether the other available insurance is primary, excess, or contingent. Where two insurance companies are contesting primary liability, and one policy contains a non-standard escape clause while the other contains an excess clause, the escape clause prevails over the excess clause. See Government Employees Ins. Co. v. Globe Indem. Co., Ky., 415 S.W.2d 581, 582 (1967).

Haddix successfully argued to the circuit court that his third-party complaint did not present a contest regarding primary liability between two insurers, but rather a challenge by an individual against an insurance company. Haddix cited Universal Underwriters Ins. Co. v. Veljkovic, Ky.App., 613 S.W.2d 426 (1980), in support of his argument. In Veljkovic, a temporary substitute automobile driven by Ms. Veljkovic collided with another car and wrongful death and personal injury suits were filed against Veljkovic. Veljkovic filed a third-party complaint against her automobile liability insurer, which admitted excess coverage only, and the insurance company which provided the garage policy for the dealer which supplied the temporary substitute vehicle. The dealer's insurer denied liability based on a non-standard escape clause. The court held that the mandated insurance coverages for automobile dealers found in KRS 190.033 could not be circumvented by an escape clause when the contest is "between an insurance company and a member of the public. . . ." Id., 613 S.W.2d at 428 n. 1.

KRS 190.033 provides in pertinent part that

> [t]he bond or policy shall provide public liability and property damage coverage for the operation of any vehicle owned or being offered for sale by the dealer or wholesaler when being operated by the owner or seller, his agents, servants, employees, prospective customers, or other persons. The property damage coverage mandated by this section shall be in excess of the property damage coverage under a customer's or other person's own coverage for that person's own negligence. The amount of insurance shall be one hundred thousand dollars ($100,000) for bodily injury or death of any one (1) person; three hundred thousand dollars ($300,000) for bodily injury or death in any one (1) accident; and fifty thousand dollars ($50,000) property damage....

In its summary judgment, the circuit court held that *Royal–Globe Ins. Cos. v. Safeco Ins. Co. of America*, Ky.App., 560 S.W.2d 22 (1977), was inapposite to this case. Royal–Globe issued a garage liability policy to a dealer which provided a temporary substitute vehicle to a Miss Spaulding. Spaulding's own automobile insurance was issued by Safeco. The Safeco policy contained an excess clause similar to the clause in the Capital policy set out previously in this opinion, and the Royal–Globe policy contained a non-standard escape clause similar to the provision in the Empire policy in this case. The court held that the non-standard escape clause did not violate the public policy expressed by KRS 190.033 when the contest is between two insurers. The court stated as follows:

> Compulsory insurance laws. are intended to protect the public at large who might otherwise suffer from being injured by uninsured motor vehicles. Compulsory insurance laws are not intended to protect other insurance companies. When the controversy is between two insurers, the liability for a loss should be determined by the terms and provisions of the respective policies without regard to the rights injured third parties might assert under a compulsory insurance law. The purpose of KRS 190.033 is satisfied. As Royal–Globe concedes, it affords coverage to the extent that Safeco's policy does not provide the statutory limits of coverage. The "escape" clause does not violate any public policy set forth in KRS 190.033 when it is asserted in a dispute between two insurers. (Citations omitted.)

*Royal–Globe*, 560 S.W.2d at 24–25.

The circuit court and Haddix distinguish *Royal–Globe* on the basis that this was not a "dispute between two insurers," *see id.*, but rather "between an insurance company [Empire] and a member of the public," i.e., Haddix. *See Veljkovic, supra.* Haddix had two separate attorneys or law firms filing pleadings in his name in the circuit court proceeding; at least one of his attorneys was provided by his automobile insurer, Capital Enterprise Insurance Group. The attorney provided by Capital filed the third-party complaint in Haddix's name seeking the declaration that Empire was primarily obligated to provide a defense to Haddix and to indemnify him. This case is dissimilar to the situation in *Veljkovic*, where neither insurer assumed the obligation to defend or to indemnify Ms. Veljkovic, and she filed a third-party complaint to compel one of the insurers to defend and indemnify her. The third-party complaint filed by the attorney provided by Capital in its insured's name was, in essence, a suit seeking a declaration of rights as to whether Capital or Empire was primarily liable to defend and indemnify Haddix. The third-party complaint presented a contest between Capital and Empire, and the provisions of those policies control. *See State Farm Mut. Auto. Ins. Co. v. Register*, Ky.App., 583 S.W.2d 705, 706–07 (1979). That Capital availed itself of the opportunity to file the pleading in its insured's name should not produce a different result. We hold that *Royal–Globe* controls this case and that Haddix's own insurer, Capital Enterprise Insurance Group, has the primary duty to defend and indemnify him. *See Government Employees Ins. Co. v. Globe Indemnity Co.*, 415 S.W.2d 581.

Empire also contends that the circuit court erroneously held that it was obligated to provide the minimum coverages required by KRS 190.033. It argues that because Hays Chevrolet–Buick was not attempting to sell a vehicle to Haddix, it was not a "motor vehicle dealer" as referred to in KRS 190.033, and the basic liability limits contained in KRS 304.39–110 apply. KRS 190.033, when first enacted, provided for bodily injury limits of $10,000 per person and $20,000 per accident. The statute was amended in 1982 to increase the bodily injury limits to $100,000 per person and $300,000 per accident. 1982 Ky. Acts ch. 373 § 4. The required minimum coverages for bodily injury under the Motor Vehicle Reparations Act as specified in KRS 304.39–110(1) were initially established in 1974 at $10,000 per person and $20,000 per accident. In 1984, KRS 304.39–110(1) was amended to increase the bodily injury minimum coverages to $25,000 per person and $50,000 per accident. 1984 Ky. Acts ch. 86 § 1. The public policy expressed by these two statutes, then, is that higher minimum coverage limits are applicable to accidents involving any *"vehicle owned* or being offered for sale *by the said dealer* or wholesaler *when being operated by* the owner or seller, his agents, servants, employees, prospective customers, or *other persons."* (Emphasis supplied.) KRS 190.033 requires motor vehicle dealers to maintain an indemnifying bond or insurance policy covering all vehicles which they own, regardless of who drives the vehicles. *See Potts v. Draper,* Ky., 864 S.W.2d 896, 900 (1993). The statute does not mandate insurance coverage only for vehicles offered for sale; it requires coverage for vehicles "owned *or* being offered for sale." Regardless of whether Haddix was a rentee, he was an insured for the purposes of KRS 190.033 as there is no contention that Hays Chevrolet–Buick was not a "motor vehicle dealer" as contemplated by KRS 190.033.

As a matter of law, Empire is responsible for basic reparation benefits to the occupants of the vehicle for bodily injuries caused by the accident. *See Rees,* 715 S.W.2d 904; KRS 304.39–050(1). Capital is primarily liable to provide a defense to and to indemnify Haddix up to the limits of his policy, which are $50,000 per person and $100,000 per accident for bodily injury. *See Government Employees Ins. Co.,* 415 S.W.2d 581; *Royal–Globe,* 560 S.W.2d 22. Empire is liable to indemnify Haddix for any damages exceeding the coverages provided by Capital up to the limits specified in KRS 190.033.

The circuit court judgment is reversed and this matter is remanded for proceedings consistent with this opinion.

JOHNSON, J., concurs.

MILLER, J., dissents.