CHICAGO INSURANCE COMPANY,
Appellant,

v.

TRAVELERS INSURANCE COMPANY;
Walgreen Company; and Kenneth
Bradley, Appellees.

No. 96–CA–001472–MR.

Court of Appeals of Kentucky.

Nov. 7, 1997.

Discretionary Review Denied
June 10, 1998.

Michael D. Risley, Stites & Harbison, Robert M. Connolly, Louisville, for Appellant.

Lee E. Sitlinger, Sitlinger, McGlincy, Steiner, Theiler & Karem, Louisville, for Appellee Walgreen Company.

Before BUCKINGHAM, HUDDLESTON and KNOPF, JJ.

*OPINION*

HUDDLESTON, Judge.

This appeal arises out of a declaratory judgment action filed in Jefferson Circuit Court seeking a determination of the obligations of Chicago Insurance Company and Travelers Insurance Company—insurance carriers that both issued policies covering Kenneth A. Bradley, a pharmacist employed by Walgreen Company.

Travelers issued a general commercial liability policy to Walgreen Company. The Travelers policy is essentially a "fronting policy" pursuant to which Walgreen is self-insured for the $1,000,000.00 of coverage provided by the policy. It is undisputed that, as a Walgreen employee, Bradley is an "insured" under the policy which contains the following clause:

a. Primary Insurance

*This insurance is primary* except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance.... (Emphasis supplied.)

It is undisputed that the exception provided in subsection b does not apply in the present case. The Travelers policy further provides that *"[t]he terms of the policy,* including those with respect to (A) the company's rights and duties with respect to the defense of suits and (B) the insured's duties in the event of an occurrence[,] *apply irrespective of the application of the deductible amount."* (Emphasis supplied.) In its brief, Walgreen admits that this is a "fronting policy" which "essentially require[s][it] to indemnify Travelers for any payment" because the policy has a $1,000,000.00 deductible and a $1,000,000.00 coverage limit. Therefore, the policy effectively provides the terms of Walgreen's plan to be self-insured for $1,000,000.00. Walgreen explains that "[t]he policy was issued primarily for the purpose of providing certificates of insurance to various municipalities and vendors ... and for the purpose of utilizing insurance industry claims handling

experience and expertise provided by Travelers."[1]

■ Bradley is also an "insured" under a professional liability policy that Chicago issued directly to him. The Chicago policy, which covers Bradley on claims up to $1,000,000.00, contains the following clause:

> 6. OTHER INSURANCE. *If there is other valid insurance (whether* primary, excess, contingent or *self–insurance* ) which may apply against a loss or claim covered by this policy, *the insurance provided hereunder shall be deemed excess insurance over and above the applicable limit of all other insurance or self-insurance.* (Emphasis supplied.)

In 1992, a wrongful death action was filed against Bradley and Walgreen. The plaintiffs alleged in their complaint that Bradley had caused the death of a customer by filling a prescription negligently. When Chicago refused to defend Bradley, Walgreen undertook his defense. After a $627,264.97 settlement was reached, Chicago filed suit seeking a declaration that its coverage was merely excess coverage for amounts over and above the coverage provided by Travelers.

Initially, the circuit court said:

> Kentucky does, as Chicago points out, subscribe to the rule that where one valid insurance has an excess provision, and one has [a] provision for sharing coverage, the excess provision operates and the other does not. *Hartford Ins. Co. v. Kentucky Farm Bureau Ins. Co.*, Ky.App., 766 S.W.2d 75 (1989). Therefore, if both policies apply to the case, then *Chicago's coverage would be excess and not primary.* (Emphasis supplied.)

Nevertheless, the court held that the Travelers policy did not cover claims against Bradley for professional negligence so that Chicago is liable for the claim against Bradley. According to the circuit court:

> The excess provision of Chicago's policy operates only when other valid insurance

may apply. Since the Travelers policy does not appear to apply to employees' liability in rendering professional services, and since Chicago's does, the Travelers policy is not primary to the Chicago policy.

Since the court's order contradicted Walgreen's admission that the Travelers policy did cover this type of claim and that Bradley was an insured under its policy, Chicago filed a motion to alter the November 8, 1995, order in that respect. While this motion was pending, Jefferson Circuit Judge Earl O'Bannon, the judge who had been handling the case, retired and it was assigned to Judge John W. Potter. Judge Potter referred the matter back to Judge O'Bannon for an opinion. In his second memorandum opinion on this issue, Judge O'Bannon said:

> The Court made a ruling that Kenneth Bradley was not an insured under the Travelers policy. However, there is a judicial admission to the contrary, and as such, the Court will not disturb that point. Hence[,] the Court will examine the question previously before the Court, in light of the fact that both the Chicago and the Travelers policy applied to the incident.

However, instead of reaffirming his November 8, 1995, ruling that "Chicago's coverage would be excess and not primary" if both policies applied, Judge O'Bannon went on to hold Chicago liable saying that "[t]he Travelers policy is not primary to the Chicago policy." On the same date, April 17, 1996, Judge Potter signed an order confirming and finalizing Judge O'Bannon's memorandum opinion. Judge Potter's order explained that he "would have reached the same result . . . by simply finding that[,] to the extent the Travelers' policy had an applicable deductible, it is not 'insurance . . . which may apply against a loss'" and "[t]herefore, to the extent the deductible allows Travelers to not pay[,] Chicago's excess clause is inapplicable and Chicago pays." Chicago appeals.[2]

On appeal, Chicago insists that, according to the terms of the two policies, its coverage

---

1. The circuit court, in memorandum opinions, indicates that the Travelers policy provided an additional $1,000,000.00 of coverage after Walgreen satisfied the $1,000,000.00 deductible. According to Walgreen's brief, this is not the case. In fact, the Travelers policy was nothing more than a "fronting policy" for Walgreen's self-insurance scheme. Hence, the total limit of coverage was the same amount as the deductible.

2. We decline Walgreen's invitation to dismiss Chicago's appeal as an appeal from a non-final order. "[T]he final and appealable character of

is merely excess coverage for claims over and above Walgreen's $1,000,000.00 level of self-insurance coverage governed by the Travelers policy. We agree. Judge O'Bannon was correct when he initially said that, "if both policies apply to the case, then Chicago's coverage would be excess and not primary."

It is well established that "[w]hen the contest is between two insurers, the liability for a loss should be determined by the terms and provisions of the respective policies...." *State Farm Mutual Auto. Ins. Co. v. Register,* Ky.App., 583 S.W.2d 705, 706 (1979). Furthermore, where the terms of an insurance policy are clear and unambiguous, the policy should be enforced as written. *Masler v. State Farm Mutual Auto. Ins. Co.,* Ky., 894 S.W.2d 633, 636 (1995). The terms of the "other insurance" provisions in both the Travelers policy and the Chicago policy are clear and unambiguous. In fact, the provisions at issue in these two policies are not even conflicting.

The Travelers policy unequivocally states that it is *primary* unless the claim falls within an admittedly inapplicable exception. Likewise, the Chicago policy clearly states that it "shall be deemed *excess insurance over and above the applicable limit of all other insurance or self-insurance*" when "there is other valid insurance (whether primary, excess, contingent or self-insurance) which may apply...." (Emphasis supplied.) Since the Chicago policy specifically says that it provides excess coverage even if the only other insurance is self-insurance and the Travelers policy says that its terms apply irrespective of the deductible amount, the terms of these two policies clearly provide that Chicago's coverage is merely excess coverage to the pronounced primary coverage provided by the Travelers policy.

■ We agree with Chicago that, even if the terms of these policies had not contem-plated a situation involving self-insurance or the existence of another policy with an extremely high deductible, the Travelers coverage would still be primary. Walgreen elected to be self-insured and bargained with Travelers on the terms of its policy. It would be disingenuous, to say the least, for Walgreen to say that it is insured for claims up to $1,000,000.00 if it actually has no coverage. Opting to be self-insured does not equate to being uninsured. Walgreen must live with its decision to be self-insured.

Accordingly, the order from which this appeal was taken is reversed and the case is remanded to Jefferson Circuit Court with directions to enter an order consistent with this opinion.

All concur.

---

an order should be tested on the basis of whether the order grants or denies the ultimate relief sought in the action or requires further steps to be taken in order that the parties' rights may be finally determined." *Evans Elkhorn Coal Co. v. Ousley,* Ky., 388 S.W.2d 130, 131 (1965). Here, the underlying action sought a declaration of rights and obligations. The order from which this appeal is taken granted the ultimate relief sought—a declaration on the issue of whether Chicago's coverage was excess or primary.

While it is true that Walgreen attempted to file a counterclaim seeking a monetary judgment against Chicago, the circuit court refused to treat the pleading as a counterclaim and instead accepted it as a petition for further relief pursuant to Ky.Rev.Stat. (KRS) 418.055. Significantly, this pleading was not filed until *after* the court entered the April 17, 1996, order from which this appeal is taken. Such a petition filed after the entry of the order in question does not affect that order's finality in a declaratory judgment action.