**MOTORISTS MUTUAL INSURANCE COMPANY, Appellant,**

v.

**GRANGE MUTUAL CASUALTY COMPANY, Appellee.**

**No. 2003–CA–000346–MR.**

Court of Appeals of Kentucky.

May 28, 2004.

Discretionary Review Denied by Supreme Court Dec. 8, 2004.

Robert E. Stopher, Robert D. Bobrow, Louisville, KY, for appellant.

Mark A. Osbourn, Carol S. Petitt, Louisville, KY, for appellee.

Before JOHNSON and McANULTY, Judges; and JOHN D. MILLER, Senior Judge.[1]

1. Senior Judge John D. Miller sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

JOHNSON, Judge.

Motorists Mutual Insurance Company has appealed from an order entered by the Jefferson Circuit Court on January 16, 2003, which granted Grange Mutual Casualty Company's motion for summary judgment. Having concluded that there is no genuine issue as to any material fact and that Grange is entitled to a judgment as a matter of law, we affirm, although we do so for different reasons.[2]

On November 12, 1998, Ould Mohamed El–Moctar was test driving an automobile owned by Autorama, a used car dealership, in Jefferson County, Kentucky, when it collided with a parked vehicle owned by Timothy Deely and an adjacent building owned and operated by Tune Up 2000. On the date of the accident, El–Moctar had automobile liability insurance through Grange and Autorama had a commercial garage liability policy through Motorists Mutual. Grange denied any liability for the accident and Motorists Mutual paid Deely and Tune Up 2000 approximately $19,209.90 for their property damages.

On January 18, 2000, Motorists Mutual filed a subrogation action against Grange for reimbursement of the $19,209.90 in damages it paid to Deely and Tune Up 2000. The case proceeded through the discovery process and on February 13, 2002, Motorists Mutual filed a motion for summary judgment. Motorists Mutual contended that Grange was primarily liable for the damages caused by El–Moctar's negligence. Motorists Mutual claimed its policy with Autorama only provided coverage for "bodily injury" in the case of an accident involving one of—Autorama's customers. Motorists Mutual's policy with Autorama provided, in relevant part, as follows:

1. WHO IS AN INSURED

a. The following are "insureds" for covered "autos:"

(1) You for any covered "auto."

(2) Anyone else while using with your permission a covered "auto" you own, hire or borrow *except:*

. . .

(d) Your customers, if your business is shown in the Declarations as an auto dealership. However, those customers are "insureds" for *"bodily injury"* up to the compulsory or financial responsibility law limits for *"bodily injury"* where the covered "auto" is principally garaged [emphasis added].

Grange, on the other hand, contended that Motorists Mutual was primarily liable for the damages caused by El–Moctar's negligence. Grange claimed the provision in Motorists Mutual's policy limiting coverage to "bodily injury" violated KRS[3] 304.39–080(5), and was, therefore, void. Grange further claimed that its liability was limited by the following "excess" clause contained in its policy:

Other Insurance

If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. *However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance* [emphasis added].[4]

---

**2.** *Harmon v. McMasters,* Ky.App., 57 S.W.3d 850 (2001).

**3.** Kentucky Revised Statutes.

**4.** Grange conceded that El–Moctar was an "insured" under the following policy provision:

Insuring Agreement

In the alternative, Grange argued that the competing provisions in the two policies were mutually repugnant and that liability should be proportioned between the two insurance companies.

On August 29, 2002, the trial court entered an opinion and order denying Motorists Mutual's motion for summary judgment. The opinion and order stated, in relevant part, as follows:

> In this case ... the public policy of the MVRA [Motor Vehicle Reparations Act], specifically KRS 304.39–080(5), is not satisfied by the language of Motorists' policy as it fails to provide the required property damage coverage if there is no other insurance to which the responsibility can be shifted. Motorists' clause violates the compulsory insurance law of the MVRA.
>
> Consequently, the Court agrees with Grange that the different clauses in the policies are mutually repugnant and should be disregarded, with each insurer responsible for its pro rata share of the $19,209.90 loss. See *Ohio Casualty Insurance Company v. State Farm Mutual Automobile Insurance Company,* Ky.[,] 511 S.W.2d 671 (1974).
>
> Therefore, the Court enters the following Order:

### ORDER

> IT IS HEREBY ORDERED AND ADJUDGED that the motion for summary judgment brought by Plaintiff Motorists Mutual Insurance Company is DENIED.

On December 18, 2002, Grange filed a motion for summary judgment, which the trial court granted on January 16, 2003. The trial court ordered Grange to pay Motorists Mutual $480.25, which represented its pro rata share of the $19,209.90 in damages Motorists Mutual paid to Deely and Tune Up 2000. This appeal followed.

Motorists Mutual argues on appeal that the trial court erred by granting Grange's motion for summary judgment because the dispute should have been resolved without regard to the MVRA. We disagree.

The standard of review governing an appeal of a summary judgment is well-settled. We must determine whether the trial court erred in concluding that there was no genuine issue as to any material fact and that the moving party was entitled to a judgment as a matter of law.[5] Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[6] In *Paintsville Hospital Co. v. Rose,*[7] the Supreme Court of Kentucky held that for summary judgment to be proper the movant must show that the adverse party cannot prevail under any circumstances. The Court has also stated that "the proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to pro-

---

A. We will pay damages for bodily injury or property damage for which any insured becomes legally responsible because of an auto accident [emphasis omitted].

B. "Insured" as used in this Part means:
  1. You or any family member for the ownership, maintenance or use of any auto or trailer [emphasis omitted].

5. *Scifres v. Kraft,* Ky.App., 916 S.W.2d 779, 781 (1996).

6. Kentucky Rules of Civil Procedure (CR) 56.03.

7. Ky., 683 S.W.2d 255, 256 (1985).

duce evidence at the trial warranting a judgment in his favor." [8] Since factual findings are not at issue, there is no requirement that the appellate court defer to the trial court. [9] "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor" [citation omitted]. [10] Furthermore, "a party opposing a properly supported summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial." [11]

█ We begin our analysis by pointing out what appears to have been a slight oversight on the part of the trial court. As previously discussed, the trial court concluded that the language of Motorist Mutual's policy violated KRS 304.39–080(5), which provides that "every owner of a motor vehicle registered in this Commonwealth or operated in this Commonwealth by him or with his permission shall continuously provide ... security for payment of

tort liabilities, arising from maintenance or use of the motor vehicle." [12] However, it appears that KRS 190.033, which sets forth the required minimum liability insurance for motor vehicle dealers, such as Autorama, is controlling. Not only does KRS 190.033 apply specifically to motor vehicle dealers, the statutory minimums set forth in KRS 190.033 are higher than those set forth in KRS 304.39–110(1). [13]

In support of its contention that the trial court erred by granting Grange's motion for summary judgment, Motorists Mutual cites *Royal–Globe Insurance Companies v. Safeco Insurance Co. of America*, [14] wherein this Court stated:

Compulsory insurance laws are intended to protect the public at large who might otherwise suffer from being injured by uninsured motor vehicles. Compulsory insurance laws are not intended to protect other insurance companies. *When the controversy is between two insurers, the liability for a loss should be determined by the terms and provisions of*

**8.** *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476, 480 (1991).

**9.** *Goldsmith v. Allied Building Components, Inc.*, Ky., 833 S.W.2d 378, 381 (1992).

**10.** *Steelvest*, 807 S.W.2d at 480 (citation omitted).

**11.** *Id.* at 482. *See also* Philipps, *Kentucky Practice*, CR 56.03, p. 321 (5th ed.1995).

**12.** KRS 304.39–080(5) is part of the Motor Vehicle Reparations Act (MVRA), which is codified at KRS 304.39–010, *et seq.* KRS 304.39–110(1) sets forth the required minimum tort liability insurance for any individual who owns a motor vehicle registered or operated in Kentucky.

**13.** At the time of El–Moctar's accident, KRS 190.033 provided, in relevant part, as follows:

A motor vehicle dealer's license, motor vehicle auction dealer's license, or wholesaler's license shall not be issued or re-

newed unless the applicant or holder of the license shall have on file with the commission an approved indemnifying bond or insurance policy issued by a surety company or insurance carrier authorized to transact business within the Commonwealth of Kentucky.... The bond or policy for all dealers except automotive recycling dealers shall provide public liability and property damage coverage for the operation of any vehicle owned or being offered for sale by the dealer or wholesaler when being operated by the owner or seller, his agents, servants, employees, prospective customers, or other persons.... The amount of insurance shall be one hundred thousand dollars ($100,-000) for bodily injury or death of any one (1) person; three hundred thousand dollars ($300,000) for bodily injury or death in any one (1) accident; and *fifty thousand dollars ($50,000) property damage* [emphasis added].

2002 Ky. Acts, ch. 83, § 1.

**14.** Ky.App., 560 S.W.2d 22 (1977).

*the respective policies without regard to the rights injured third parties might assert under a compulsory insurance law* [emphasis added].[15]

As in the case *sub judice, Royal–Globe* involved a dispute between two insurance companies. However, the policy provision at issue in *Royal–Globe* contained the following "escape" clause:

"If there is other valid and collectable insurance, whether primary, excess or contingent, available to the garage customer and the limits of such insurance are sufficient to pay damages up to the amount of the applicable financial responsibility limit, no damages are collectible under this policy."[16]

The *Royal–Globe* Court concluded that this escape clause did not violate the public policy set forth in KRS 190.033 because it actually afforded coverage, at least to the extent that another valid and collectable policy did not provide the statutory minimum coverage.[17]

Unlike the escape clause at issue in *Royal–Globe*, the provision in Motorist Mutual's policy limiting coverage to "bodily injury" clearly does not provide coverage for property damage as required by KRS 190.033. This lack of minimum coverage does not result from the operation of an "escape" clause, an "excess" coverage clause, or an "other insurance" clause. Rather, Motorist Mutual's policy simply fails to provide the minimum liability insurance coverage that is required by law for motor vehicle dealers. Consequently, the trial court did not err in granting Grange's motion for summary judgment.

Based on the foregoing reasons, the order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

**15.** *Id.* at 24–25. *See also State Farm Mutual Automobile Insurance Co. v. Register,* Ky.App., 583 S.W.2d 705, 706–07 (1979)("[t]he purpose of [KRS 190.033] is to protect members of the public and when that protection is provided the purpose of the statute is satisfied").

**16.** *Royal–Globe,* 560 S.W.2d at 24.

**17.** *Id.* at 25.