Judge Logan
delivered the opinion of the court.
James Hoskins having a demand against Cotton, the appellant, for a negro man, entered into an agreement with Hart, one of the appellees, to prosecute a suit for the recovery of said slave; by which, Hart became entitled to Whatever sum should be recovered ever the amount of $300; and at tbs same time, made a payment to Hoskins of $100 in párt of the $300, Hoskins agreeing to refund the same, in the event of no recovery from Colton.
. Pending the trial, Hoskins'released flail, from his contract, and consented that the benefit thereof, should bt *57 transferred to Henry Clay and Jesse Bledsoe, his counsel* which was accordingly done, so that Hart might be introduced as a competent witness in the cause. A judgment was recovered for $375; from which an appeal was taken, and an affirmance of the judgment with cost and damages. But before the decision of the appellate court was known to Cotton, he paid to Hoskins between 2 and 300 dollars, in consideration of the judgment, having agreed to give him $300, in full of all demand for the same, and obtained bis receipt therefor.
Hart, Clay and Bledsoe exhibited their bill against Hos-kins and Cotton, alledging these facts, and charging notice by Cottton of the assignment from Hart to Clay and Bled-soe. Cotton denies notice prior to the payment to Hos-kins: But contends that his impression was, that the writing given by Hart, which was done in court, was a release to Hoskins for the interest which he, Hart, had in the event of a recovery; whereby he might render himself a witness in the cause. ,
. Upon this point the cause depends. For we have no doubt as to the jurisdiction of a court of chancery upon the case charged in the bilk If Cotton entered into the agreement with notice of the assignment, it was fraudulent as against the assignees, and upon that ground alone equity would sustain the case. And if he were uninformed with regard to their interest; then, he ought neither unpon legal nor equitable principles, to be held liable for that demand.
The complainants, in answer to interrogatories, all in the most positive terms deny the execution of a release from Hart to Hoskins: Of the correctness of which, indeed, there can be no doubt; because the writings are different; and because an assignment of that interest, at the time of releasing the interest in the presence of the assignees, would have been the most idle folly had such release been given. But, although, it is perfectly clear, that no such release was executed; yet, it may be material to inquire, whether Cotton might not readily have so understood the -transaction; and, therefore, have supposed himself at liberty to bargain as he could, with Hoskins, without affecting the right of any other?
Upon this point, several depose — one of the judges himself, that such was his impression with regard to the execution of a release from Hart. This, it is true, is easy to be Accounted, for, from the circumstance, that Hart was known *58 to have been previously interested; and by an arrangement at bar, was made a competent witness. But, on the other hand, it is proved by several of the jurors, as is al-ledged by the complainants, that the transfer to Clay and Bledsoe was read in court, and the release from Hoskins to Hart; and it appears that the appellant was very generally present during the trial.
Bibb for appellant, Hardin for appellees.
A person buy-⅛ mrum-k^vVt^udi noika of me incumbrance as should put ry™ takes Uit subject to the incumbrance
If from the evidence only we had to determine, it might be too doubtful to justify a decree against the appellant.-— But from the writing to him from Hoskins, the presumption is very strong, independent of other testimony, that the appellant possessed some knowledge of the assignment from Hart. For he not only takes the release against Hoskins’ demand; but, also, against “all orders or assignments whatever, which had previously been given by Hoskins to Hart, Bledsoe, or any other person.”
It is not important, w'hen the information was obtained by the appellant of Bledsoe or Clay being interested in the demand, provided it wat before his agreement with Hos-kins. And from the whole evidence, we concur with the court below in the opinion, that sufficient knowledge .was possessed by hi in to have put him upon the inquiry with reSar^ to that interest, and that the decree ought to be affirmed with cost, it having directed a credit of the $200, to which Hoskins would have been entitled, in part of the judgment, and more than which the appellant has already paid them.
Decree affirmed with costs.