NETTIE McELRATH v. STATE CAPITAL INSURANCE COMPANY

No. 7128DC705

(Filed 15 December 1971)

1. Insurance § 130— fire insurance — proof of loss — waiver by fire insurer — sufficiency of evidence

In an insured's action to recover under a policy of fire insurance for the destruction of her home by fire, the insured's evidence was sufficient to support a finding that the insurer waived the policy provision requiring proof of loss to be furnished within 60 days, where (1) the insured went to the insurer's agent, who had sold her the policy, and notified him of the loss; (2) the insured notified the insurer in writing of her loss; and (3) the insurer failed to furnish to the insured proof of loss forms. G.S. 58-31.1.

2. Insurance § 115— fire insurance — insurable interests in property destroyed by fire — sufficiency of evidence

The insured under a fire insurance policy offered sufficient evidence to show that she had an insurable interest in the premises destroyed by fire, where (1) the deed to the premises was in the name of the insured's husband, who had died intestate leaving the

McElrath v. Insurance Co.

insured and six minor children; and (2) the insured has been in possession of the property since that time, has paid all taxes, has kept the property insured, and has made all repairs.

APPEAL by defendant from *Winner, District Judge,* 19 May 1971 Session of District Court held in BUNCOMBE County.

This suit on a fire insurance policy was instituted on 2 June 1970 and was tried by the judge without a jury. Plaintiff alleged that the subject premises were destroyed by fire on 26 January 1970; that the premises were insured by defendant in a policy issued for three years from October 2, 1967 to October 2, 1970; that plaintiff had complied with all requirements of the policy and that the defendant refused to pay the loss. By answer defendant admitted the issuance of the policy but alleged that defendant had cancelled the policy prior to the date of the fire and that the policy was not in effect at the time of the loss. Defendant further alleged that plaintiff had failed to file proof of loss as required by the policy.

Plaintiff's uncontradicted evidence, was, in summary, as follows. The policy was in effect on the date of the fire and the current premium had been paid. The house was completely destroyed. She went to the office of defendant's agent, H. E. Garrett and Company, who had sold her the policy and personally notified them of the loss. She also wrote the defendant company in Raleigh and notified them of the loss. On the day of the fire she received written notice that her insurance had been cancelled. She heard nothing further from the company.

At the conclusion of plaintiff's evidence the defendant's motion for a directed verdict under Rule 41 was denied. Defendant offered no evidence and renewed its motion for a directed verdict which was denied. From judgment awarding plaintiff $2,000.00, the face amount of the policy, defendant appealed.

*Wade Hall for plaintiff appellee.*

*Williams, Morris and Golding by William C. Morris, Jr., for defendant appellant.*

VAUGHN, Judge.

[1] Defendant contends that its motion for a directed verdict should have been allowed because plaintiff failed to prove that

she complied with the policy provision with respect to filing proof of loss within sixty (60) days following the fire. Defendant notified plaintiff that her policy had been cancelled. Defendant continued to maintain that position in its pleadings when it alleged that the policy had been cancelled prior to the loss and that the policy was not in effect on the date of the fire. "The law does not require one to do a vain thing." *Williams v. Insurance Co.*, 209 N.C. 765, 185 S.E. 21. Moreover, after plaintiff gave defendant written notice of the loss and personally notified defendant's agent, the company failed to furnish plaintiff proof of loss forms. G.S. 58-31.1 is as follows:

> "When any company under any insurance policy requires a written proof of loss after notice of such loss has been given by the insured or beneficiary, the company or its representative shall furnish a blank to be used for that purpose. If such forms are not so furnished within fifteen days after the receipt of such notice the claimant shall be deemed to have complied with the requirements of this policy as to proof of loss, upon submitting within the time fixed in the policy for filing proofs of loss, written proof covering the occurrence, character, and extent of the loss for which claim is made."

We hold that plaintiff's evidence is sufficient to sustain the court's finding and conclusion that defendant waived the policy provision requiring proof of loss to be furnished within sixty (60) days.

[2]  Defendant contends that the court should have granted its motion for a directed verdict for the reason that plaintiff had no interest in the property capable of being insured. The deed to the property was in the name of plaintiff's husband who died intestate in 1946 leaving plaintiff and six minor children surviving. Since that date plaintiff has been in possession of and has exercised dominion over the property. She has paid all taxes, kept the property insured and made all repairs. There is no suggestion of fraud or that defendant assumed any risk it did not intend to assume when it issued the policy. "In general, it is well-settled law that a person has an insurable interest in the subject matter insured where he has such a relation or connection with, or concern in, such subject matter that he will derive pecuniary benefit or advantage from its preservation, or will suffer pecuniary loss or damage from its destruction, termi-

nation, or injury by the happening of the event insured against." *King v. Insurance Co.*, 258 N.C. 432, 128 S.E. 2d 849. Defendant's assignments of error based on the contention that the plaintiff did not have an insurable interest in the property are overruled. We have considered all of defendant's assignments of error which were brought forward. The judgment from which defendant appealed is affirmed.

Affirmed.

Judges BROCK and BRITT concur.