**ALLSTATE INSURANCE COMPANY, Appellant,**

v.

**KENTUCKY CENTRAL INSURANCE COMPANY, Appellee.**

Court of Appeals of Kentucky.

Nov. 22, 1985.

Wayne J. Carroll, Louisville, for appellant.

Walter L. Porter, Louisville, for appellee.

Before McDONALD, CLAYTON and DUNN, JJ.

DUNN, Judge.

Appellee Kentucky Central Insurance Company sued appellant Allstate Insurance Company for declaration of rights and

damages arising out of a fire loss insurance policy. The Jefferson Circuit Court granted Summary Judgment for $23,182.27 to appellee Kentucky Central. Appellant Allstate brings this appeal. We affirm.

Allstate provided fire loss insurance to the seller of a building and Kentucky Central provided it to the purchaser. Their sales contract provided the seller was to "maintain insurance until closing." After the contract was executed and before the closing, a fire occurred resulting in a loss of $23,182.27.

The issue Allstate raises on appeal is whether or not after execution of a real estate sales contract does only the purchaser have an insurable interest in the subject real estate for fire loss insurance purposes given the contract provision the seller must maintain insurance on the premises till closing. It argues that the sole insurable interest is in the purchaser. We disagree.

Summary judgment is proper only when the trial court, drawing all factual inferences in favor of the non-moving party, can conclude there are no issues as to any material fact and the moving party is entitled to a judgment as a matter of law. CR 56.03; *Conley v. Hall*, Ky., 395 S.W.2d 575 (1965). In this case there is no issue as to any fact, consequently it is not necessary for us to relate all the specific facts attendant to it. We need only concern ourselves with the applicable question of law.

█ A fire insurance policy insures an "interest in" property, not the property itself. The purchaser under an executory real estate sales contract is the equitable owner of the property and must sustain any accidental loss accruing after its purchase and before the conveyance of the legal title. *See Martin v. Carver's Adm'r.*, 8 Ky. 56, 1 S.W. 199 (1886); *Twin City Fire Insurance Company v. Walter B. Hannah, Inc.*, Ky., 444 S.W.2d 131 (1969); *Bryant v. Transamerica Insurance Company*, Ky., 572 S.W.2d 614 (1978).

"Insurable interest" for the purpose of enforcing insurance is defined in KRS 304.-14–060:

(2) "Insurable interest" as used in this section means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment.

*Motorists Mutual Ins. v. Richmond*, Ky. App., 676 S.W.2d 478 (1984) quoted favorably the following concerning insurable interest from *McElrath v. State Capital Insurance Co.*, 13 N.C.App. 211, 184 S.E.2d 912 (1971).

In general, it is well settled law that a person has an insurable interest in the subject matter insured where he has such a relation or connection with, or concern in, such subject matter that he will derive pecuniary benefit or advantage from its preservation, or will suffer pecuniary loss or damage from its destruction, termination, or injury by the happening of the event insured against.

█ When the seller contracted to "maintain insurance until closing" he was exposed to a contractual economic loss if he failed to do so to the purchaser's damage. This risk of loss is certainly an "actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment." As a result we conclude the seller had an "insurable interest" in the premises in question covered by appellant Allstate's policy.

The summary judgment of the Jefferson Circuit Court is AFFIRMED and pursuant to 2(a) of the Order Designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure for further appellate steps, are reinstated effective the date of this opinion.

All concur.