**KENTUCKY SCHOOL BOARDS INSURANCE TRUST,**
Plaintiff,

v.

**HORACE MANN INSURANCE COMPANY, Defendant.**

**Civil Action No. 94–160.**

United States District Court,
E.D. Kentucky,
London Division.

March 25, 1996.

Robert Estes Stopher, Boehl, Stopher & Graves, Louisville, KY, for plaintiff.

Benjamin L. Kessinger, Jr., Bonnie Kittinger, Stites & Harbison, Lexington, KY, for defendant.

## MEMORANDUM OPINION AND ORDER

COFFMAN, District Judge.

This matter is before the Court upon the plaintiff's motion for summary judgment [Record No. 19] and the defendant's motion for summary judgment [Record No. 25]. Having reviewed the memoranda filed by the parties, and being fully advised, the Court will grant the plaintiff's motion and deny the defendant's motion for reasons herein discussed.

### Facts

This case is a coverage dispute between Kentucky School Boards Insurance Trust ("KSBIT") and Horace Mann Insurance Company ("Horace Mann"). The dispute revolves around four personal injury claims brought against entities and individuals insured by both KSBIT and Horace Mann. Both parties agree that the nature and the merit of each of the underlying claims are not at issue. Rather, the issue is to what extent each party is responsible for KSBIT's settlements of the claims which ranged in amount from $12,000 to $108,675 and for defense fees and expenses incurred. KSBIT argues that each party is liable for one-half of these costs. Horace Mann argues that KSBIT is solely responsible.

KSBIT contracted to provide general liability coverage for the four county boards of education that were involved in the aforementioned personal injury claims. This coverage consisted of at least a $250,000 self-insured retained limit and an additional $750,000 of excess coverage through Insurance Company of North America ("INA").

None of the claims in question exceeded $250,000.

The first page of INA's contracts specifically limits INA's liability to the amount in excess of the insured's retained limit:

> With respect to personal injury ... INA's liability shall be only for the ultimate net loss in excess of the Insured's retained limit as specified in Item 1. of the Limits of Liability section of the declaration as a result of any one occurrence, and then for an amount not exceeding the amount specified in Item 2. of the Limits of Liability section of the declarations.

Therefore, that INA was not liable for any of the claims at issue in this case is undisputed.

The National Education Association ("NEA") contracted with Horace Mann to provide liability insurance coverage to state education associations, including those in the four school districts involved in the personal injury claims. The Horace Mann policy provided $1,000,000 in coverage per member per occurrence.

Both KSBIT's contracts and Horace Mann's contracts contain provisions called excess clauses. KSBIT's excess clause provides as follows:

> If at the time of the loss there is any other valid and collectible insurance which covers a loss also covered hereunder, then KSBIT shall not be liable for any amount other than the excess over any other valid and collectible insurance applicable to a loss hereunder. As used in this section, other valid and collectible insurance includes, but is not limited to, policies of insurance or programs of self-insurance purchased or established by or on behalf of an education association or educators' association or any of its members or an educational unit or any of its employees, regardless of whether or not the policy or program provides primary, secondary, excess, umbrella, or contingent coverage. As used in this section, educational unit includes, but is not limited to, a school district, a board of education, a college or university, a state department of education, or any other institution which has as its primary purpose

the instruction of students, and/or other educationally related services.

Thus, KSBIT's excess clause provides that, if another insurance policy covers the loss in question, KSBIT will pay only the excess not covered by the other policy even if the other policy provides only excess coverage.

The contract between the NEA and Horace Mann, titled "NEA Educators Employment Liability Contract," contains a similar excess clause:

> This is a manuscript contract. It was written and priced to reflect the intent of all parties that, if at the time of loss there is any other insurance available to the *insured* which covers such loss, or which would have covered such loss except for the existence of this contract, then *we* shall not be liable for any amount other than the excess over any other valid and collectible insurance applicable to a loss hereunder. Other valid and collectible insurance includes, but is not limited to: policies of insurance programs of self-insurance purchased or established by or on behalf of an *educational unit* to insure against liability arising from activities of the *educational unit* or its *employees,* regardless of whether or not the policy or program provides primary, excess, umbrella, or contingent coverage.

This is virtually the same as KSBIT's clause.

Both contracts contain *"pro rata* clauses," providing for the computation of liability in the circumstance where the insurer is required to contribute to a loss along with another provider of excess insurance. The Court must determine how to reconcile the two excess clauses, and how to apply the *pro rata* clauses, if necessary. Does one of the excess clauses "trump" the other? Or, must the Court apply the language in the contracts that prorates the contributions of the respective providers?

## Discussion

In *Ohio Casualty Insurance Co. v. State Farm Mutual Automobile Insurance Co.,* 511 S.W.2d 671 (Ky.1974), Kentucky's highest court held as follows:

> Our analysis ... is that both policies attempted to limit coverage to the excess over the other and that the provisions with respect to proration are irreconcilable; therefore, it is our opinion that each insurer is jointly obligated to defend James and to indemnify him up to the limit of the smaller of the two policies ... and State Farm for the remainder up to the limit of its policy.

*Id.* at 675. Therefore, this Court must determine whether the excess clauses in the two insurance contracts at issue are mutually repugnant and, if they are, whether the provisions in the contracts which prorate liability for a loss are reconcilable. If the Court can reconcile the proration provisions, the Court simply applies the provisions. If the Court cannot reconcile the proration provisions, the Court will require the parties to share equally the liability to the limits of their contracts.

■ Horace Mann does not dispute this reading of the law. Rather, it argues that, to determine whether the excess clauses are mutually repugnant, the Court must evaluate the intentions of the parties. In support of this proposition, Horace Mann cites *Washington National Insurance Co. v. Burke,* 258 S.W.2d 709 (Ky.1953). *Burke* contains the following language:

> Insurance coverage is often a question of implication as a matter of legal construction; that is, the law must read into the contract as best it can the intention of the parties.... [S]uch a contract, like any other voluntary agreement, derives its force and efficacy from the intention of both parties. The provisions are to be read in context and according to the natural and probable import of the language used, or as persons with usual and ordinary understanding would construe them.

*Id.* at 710. Horace Mann argues that the insurance contracts reveal that the parties intended KSBIT to provide primary coverage and Horace Mann to provide excess coverage.

In support of its argument, Horace Mann notes that the INA contracts clearly establish that KSBIT's contracts provide primary coverage as they relate to INA's coverage. However, KSBIT's excess clause provides that KSBIT is not liable for any amount other than the excess over any other valid

and collectible insurance including policies providing primary, secondary or excess coverage. Literally, "any other valid and collectible insurance" in KSBIT's excess clause includes the INA coverage. Horace Mann argues that, because INA clearly provides coverage that is secondary to KSBIT's retained limit, KSBIT's excess clause is inconsistent with the scheme into which KSBIT and INA entered with the insureds in this case. Therefore, Horace Mann argues that this relationship renders KSBIT's excess clause meaningless and that the Court should disregard it.

Horace Mann's argument,[1] while clever, is without merit. On page eight of its memorandum in support of its motion for summary judgment, Horace Mann recognizes that the two layers of coverage that KSBIT and INA provide are "part of the same ... policy." It also cites *Burke,* in which Kentucky's highest court stated that courts should read insurance provisions "in context and according to the natural and probable import of the language used, or as persons with usual and ordinary understanding would construe them." *Burke,* 258 S.W.2d at 710. The Court will consider the coverage provided by KSBIT and INA as one policy. A person "with usual and ordinary understanding" would read "any other valid and collectible insurance" to refer to coverage that is not part of the policy that KSBIT and INA provided to the insureds in this case. This Court reads KSBIT's excess clause likewise and finds that it applies in this case.

■ Horace Mann also argues that the Court can read INA's other insurance clause consistently with INA's limitation of liability only if the Court finds that INA's coverage is secondary to the retained KSBIT coverage but primary with regard to the Horace Mann coverage. The Court disagrees. INA's other insurance clause reads:

If collectible insurance with any insurer is available to the Insured covering a loss also covered hereunder, the insurance hereunder shall be in excess of, and not contribute with, such other insurance provided, however, this does not apply to insurance which is written as excess insurance over INA's limit of liability provided in this policy.

INA's limitation of liability simply limits INA's liability to that which exceeds KSBIT's coverage. INA's other insurance clause is an excess clause with an exception. The exception applies when the insured contracts for coverage of liability in excess of KSBIT's and INA's coverage. Despite Horace Mann's argument to the contrary, Horace Mann does not provide this type of coverage. Horace Mann's contracts contain an excess clause that is similar to the excess clauses in KSBIT's contracts and INA's contracts. Horace Mann's contracts do not provide that they are excess insurance with regard to KSBIT's and INA's coverage. In fact, they do not even mention the KSBIT and INA coverage.

INA's coverage applies only when KSBIT's coverage is exhausted. When KSBIT's coverage becomes exhausted relates to the point at which Horace Mann's coverage applies. If KSBIT and Horace Mann are jointly liable for the loss of the insureds to the extent of their coverage, INA's coverage applies only when KSBIT's coverage is exhausted. Neither INA's limitation of liability nor its other insurance clause changes this.

Horace Mann argues that, because the insurance contracts are ambiguous, the Court should admit extrinsic evidence to explain the ambiguity. However, the Court finds that the contracts are unambiguous and, thus, will not consider extrinsic evidence.

■ The Court is not persuaded by any of Horace Mann's arguments as to whether the two excess clauses are mutually repugnant. As in *Ohio Casualty Insurance Co.,* "both policies attempted to limit coverage to

---

1. Horace Mann also urges the Court to divine the parties' intent by reading the "other insurance" clause of its own contracts. This Court is not persuaded, however, that a contract which mentions excess coverage only in the excess clause is an excess coverage contract for all purposes. In contrast, INA specifically limits its coverage to amounts in excess of KSBIT's coverage. INA unambiguously and expressly provides coverage in excess of KSBIT's self-insurance. By its failure to do so, Horace Mann has created, at best, an *attempt* to limit its coverage in relation to another provider.

the excess over the other." *Ohio Casualty Ins. Co.*, 511 S.W.2d at 675. Therefore, the clauses are mutually repugnant, and the Court must determine whether the provisions in the contracts to prorate liability are reconcilable.

The Horace Mann contracts contain the following provision:

> However, if it is determined that *we* must contribute to the loss with any other valid and collectible excess insurance, *our* contributing limit of liability shall be determined and paid as follows:
>
> . . . .
>
> (2) Computed on a limit-of-liability basis if *our* limit of liability is greater than any other valid and collectible excess insurance limit of liability, with *our* limit of liability computed by dividing *our* amount of liability as if there were no other valid and collectible insurance, divided by the sum of *our* limit of liability as if there were no other valid and collectible insurance plus all other valid and collectible insurance limits of liability as if there were no other valid and collectible insurance for their liability, then multiplying the result by the amount of the loss.

The KSBIT contracts contain the following language:

> When both this insurance and other insurance apply to the loss on the same basis, whether primary, secondary, excess, umbrella, or contingent, KSBIT shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:
>
> . . . .
>
> (b) Contribution by Limits. If any of such other valid and collectible insurance does not provide for contribution by equal shares, KSBIT shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limits of liability of all valid and collectible

insurance (or self-insurance) against such loss.

The *pro rata* clause of the Horace Mann contracts requires Horace Mann to pay a fraction of the settlement amounts, the numerator of which is the Horace Mann policy limit ($1,000,000) and the denominator of which is the policy limit of all pertinent valid and collectible insurance ($2,000,000 if INA is included; $1,250,000 if INA is excluded).[2] Under its own clause, then, Horace Mann would be required to pay no less than one-half, and no more than four-fifths, of the settlement amounts.

The *pro rata* clause of the KSBIT contracts, in contrast, obligates KSBIT to pay a fraction of the subject sums, the numerator of which is the KSBIT self-insurance policy limit ($250,000) and the denominator of which is the policy limit of all pertinent valid and collectible insurance (either $2,000,000 or $1,250,000, as explained above). KSBIT's clause would thus require it to pay no less than one-eighth, and no more than one-fifth, of the settlement amounts.

KSBIT seeks only one-half of the settlement sums from Horace Mann. If the clauses are irreconcilable, then Kentucky law would require this Court to impose one-half of the settlement amounts upon each party under *Ohio Casualty Insurance Co., supra.* KSBIT seeks no more than this compromise approach approved by Kentucky courts, and no more than the smallest sum which Horace Mann's own *pro rata* clause requires it to pay. This Court will accept the reasonable approach suggested by KSBIT and thus need not resolve the questions of whether the excess clauses are reconcilable and whether INA excess policy limits are included in the relevant equation.[3]

Additionally, Horace Mann had a duty to defend in the three personal injury claims that became lawsuits. Horace Mann's contracts contain the following provision, "*[W]e* shall do the following in addition to paying

---

2. These figures differ for the Jacob Baugh incident, which occurred on May 28, 1992. The contract in effect at that time provided that KSBIT's retained limit was $350,000. However, for simplicity in demonstrating the consistency between the two *pro rata* provisions, the Court will use the $250,000 retained limit in effect during the other three incidents.

3. In reaching this conclusion, the Court specifically declines to rely on *Hancock v. Western Casualty and Surety Co.*, 154 F.Supp. 164 (E.D.Ky. 1957), because the proration of liability in *Hancock* occurred pursuant to a stipulation of the parties, and not a ruling by that court.

the noted damages,: 1. *We* shall defend a civil suit against *you* seeking damages which are payable under the terms of this contract...." Therefore, Horace Mann must pay for the portion of the cost of defense for which it is responsible.

Horace Mann claims that KSBIT's settlement in the Ashley Roper case was unreasonable. Because this is a question of fact and because KSBIT has not addressed how Horace Mann's failure to defend affects this issue, the Court will not grant summary judgment with regard to the Ashley Roper claim.

### Conclusion

Accordingly, the Court ORDERS that

(1) KSBIT's motion for summary judgment is GRANTED with regard to the Wildharber case, the Brown claim and the Baugh case and Horace Mann shall pay one-half of these settlement amounts and one-half of the costs and fees incurred in the defense of those actions;

(2) KSBIT's motion for summary judgment is DENIED with regard to the Roper case; and

(3) Horace Mann's motion for summary judgment is DENIED.