STATE FARM FIRE & CASUALTY COMPANY and Monroe Guaranty Insurance Company, Plaintiffs–Appellants,

v.

ZURICH INSURANCE COMPANY, Defendant–Appellee.

No. 96–5415.

United States Court of Appeals, Sixth Circuit.

Argued March 20, 1997.

Decided April 15, 1997.

Lee E. Sitlinger (argued and briefed), Sitlinger, McGlincy, Stiener, Theiler & Karem, Louisville, KY, for Plaintiffs–Appellants.

Arnold Taylor (argued and briefed), O'Hara, Ruberg, Taylor, Sloan & Sergent, Covington, KY, for Defendants–Appellees.

Before: KENNEDY, KRUPANSKY, and NORRIS, Circuit Judges.

KENNEDY, Circuit Judge.

Plaintiffs, State Farm Fire & Casualty Company and Monroe Guaranty Insurance Company, appeal the District Court's grant of summary judgment for the defendant, Zurich Insurance Company, in this action to recover a portion of a payment made in settlement of a personal injury claim. For the reasons set forth below, the judgment of the District Court is **AFFIRMED**.

## I.

Evans/Griffin Incorporated ("Evans/Griffin") leased commercial office space in a building owned by Clifton Oxford Investment Company ("Clifton Oxford"). The lease agreement required, Evans/Griffin to:

> ... procure and maintain ... public liability insurance in the following amounts: bodily injury limits of $1,000,000 and property damage limits of $100,000, to save the Lessor harmless from any injury caused to any persons or property which may occur in or about the Leased Premises, and shall have the policies property endorsed to protect the Lessor and the Lessees ...

> It is further agreed by the Lessees that they will save the Lessor harmless for any and all claims and demands for damages to persons or property, or for injuries or loss of life, and against any and all loss, cost, damage ... relating to or arising from the Lessor's [sic][1] occupancy of the Leased Premises ...

Evans/Griffin obtained liability insurance from the plaintiffs, State Farm Fire and Casualty Company ("State Farm") and Monroe Guaranty Insurance Company ("Monroe").[2] However, the policies did not designate Clifton Oxford as a named or additional insured.

In July, 1990, a child, Mindy Evans, a daughter of an employee of Evans/Griffin, was injured while on an elevator in a common area of the building owned by Clifton Oxford. When a lawsuit was filed on behalf of Mindy Evans against Clifton Oxford to recover for her personal injuries, Clifton Oxford filed a third party complaint against Evans/Griffin seeking indemnification under the terms of the lease.

The third party complaint was dismissed after State Farm, Monroe, and Evans/Griffin entered into an agreement with Clifton Oxford wherein State Farm and Monroe agreed to jointly defend and indemnify Clifton Oxford as if it were a named insured. In part, that agreement provides:

> ... State Farm and Monroe Guaranty have agreed to jointly assume the defense of Clifton Oxford in the underlying lawsuit and to jointly indemnify Clifton Oxford as if it were a named insured on the policies in question ...

> . . . . .

> In exchange, Clifton Oxford has agreed: a) to voluntarily dismiss its third-party actions; b) to not seek enforcement of its lease provisions relating to insurance coverage and indemnity for any claims related to the subject action against Evans/Griffin, Monroe Guaranty or State Farm; c) to forgo recovery for its attorney's fees and costs expended to date against Evans/Griffin, Monroe Guaranty or State Farm in defense of the underlying lawsuit; d) to

---

1. It is apparent from the text of the lease that the word should be "Lessees" and the parties do not disagree.

2. Monroe's policy provided primary coverage while State Farm's policy provided excess coverage.

cooperate fully in Evans/Griffin's continuing defense of the subject action.

... It is expressly agreed that State Farm and Monroe Guaranty shall consider Clifton Oxford as an additional insured under their policies as if named therein ...

. . . . .

It is agreed that Clifton Oxford shall cooperate in the defense of the underlying lawsuit in all respects as if it were a named insured on Evans/Griffin's policies with State Farm and Monroe Guaranty.

Two bases support State Farm's decision to enter into this agreement with Monroe and Evans/Griffin. First, State Farm and Monroe concluded that Evans/Griffin's lease including the indemnity clause was an "insured contract" under their policies with Evans/Griffin; because the indemnity clause included claims arising from the lessee's occupancy of the leased premise, any liability Clifton Oxford incurred arising out of Mindy Evans' accident could well be Evans/Griffin's obligation under the indemnity clause and thus covered under the policies.[3] Second, Evans/Griffin contended that, prior to the loss, it had asked State Farm to include Clifton Oxford as a named insured.

After assuming Clifton Oxford's defense, State Farm and Monroe settled the personal injury claim for over $300,000.00. Thereafter, State Farm and Monroe instituted this action in state court against Zurich Insurance Company ("Zurich"), which insured Clifton Oxford, to recover all or a portion of the settlement payment they had paid on behalf of Clifton Oxford. The action was subsequently removed to the United States District Court for the Western District of Kentucky.

On June 2, 1995, plaintiffs moved for a declaratory judgment seeking a declaration that: (1) Zurich is liable for one-half of the settlement costs; (2) Monroe is liable for one-half of the settlement costs; and (3) State Farm is not liable for any portion of the settlement costs as its coverage is excess. Zurich responded with a motion for summary judgment. On December 11, 1995, the Dis-

trict Court denied the plaintiffs' motion for a declaratory judgment and granted Zurich's motion for summary judgment. In granting Zurich's motion for summary judgment, the District Court principally relied on the fact that the insurance policies covered different insureds and, therefore, different interests. Accordingly, the "other insurance" provisions of the contracts were never implicated. On February 29, 1996, the District Court denied plaintiffs' motion to alter, amend, or vacate the court's order. Plaintiffs timely appeal.

## II.

■ This Court's review of a grant of summary judgment is *de novo;* we use the same test as used by the district court. *See Brooks v. American Broadcasting Cos.,* 932 F.2d 495, 500 (6th Cir.1991). In reviewing summary judgment motions, courts must view the evidence in the light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Under Fed.R.Civ.P. 56(c), summary judgment is proper if the evidence " 'show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law.' " *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.,* 862 F.2d 597, 601 (6th Cir.1988)(quoting Fed.R.Civ.P. 56(c)).

## III.

■ "It is well established that contribution among insurance companies is available where 'all insurers are equally liable for the discharge of a common obligation.' " *Reliance Ins. Co. v. Liberty Mutual Fire Ins. Co.,* 13 F.3d 982, 983 (6th Cir.1994)(quoting Couch on Insurance 2d § 62:151 (1983)); *see also* Robert E. Keaton and Alan L. Widiss, Insurance Law § 3.11(e)(1988). "Such 'double coverage,' however, only exists where 'both policies were on the same property, on the same interest in the property, against the same risks, and payable to the same parties.' " *Reliance Insurance,* 13 F.3d at 983

---

**3.** The District Court found that State Farm had an obligation to indemnity Clifton Oxford under

the contract clause of its policy with Evans/Griffin. J.A. at 285.

(quoting *Lubetsky v. Standard Fire Ins. Co.,* 217 Mich. 654, 187 N.W. 260 (1922)); *see also State Auto. Mutual Ins. Co. v. State Farm Mutual Auto. Ins. Co.,* 456 F.2d 238 (6th Cir.1972). Thus, according to our holding in *Reliance,* where two insurance policies insure the same property but different insureds, there is no right of contribution. *Reliance,* 13 F.3d at 983. This principle is well-illustrated by examining the facts presented to this Court in *Reliance.*

In *Reliance,* the Jewish Federation Apartments ("JFA") entered into a construction contract with a building company. The contract required JFA to purchase a "builder's risk" insurance policy. JFA obtained such a policy from Reliance Insurance Company ("Reliance"). The building company similarly obtained a builder's risk policy but from a different insurance company, Liberty Mutual Fire Insurance Company ("Liberty Mutual"). Significantly, "neither named the other as an additional insured or loss payee" in their respective policies. *Id.* at 983. When a fire partially destroyed the construction project, JFA's insurance company paid JFA's claim. The building company did not file a claim with Liberty Mutual. Reliance, however, filed suit against Liberty Mutual seeking indemnification and/or contribution. *Id.* at 983. We squarely rejected Reliance's claim on the ground that the two insurance policies did not cover the same interests. Simply put, because each policy covered a different insured and neither named the other as an additional insured under their respective policies, contribution was not a proper remedy. *Id.*

We must, thus, first determine whether the three policies at issue covered a common insured, Clifton Oxford. The District Court held and Zurich contends that Clifton Oxford was not an insured under either the State Farm or the Monroe insurance policy despite the agreement entered into between State Farm, Monroe, and Clifton Oxford. We need not decide whether the agreement was sufficient to make Clifton Oxford an insured retroactively under the policies because the policies insured different interests. The State Farm and Monroe policies, in addition to covering Clifton Oxford's liability, also insured Evans/Griffin's liability to Clifton Oxford under the indemnity clause. While Clifton Oxford gave up that right in exchange for the agreement of State Farm and Monroe to treat him as an insured, the policies nevertheless covered that additional obligation and an additional insured, Evans/Griffin, who was liable in that obligation. Thus, the Zurich policy did not have the same insureds or cover the same interests.

## IV.

For the foregoing reasons, the judgment of the District Court is **AFFIRMED.**