In re Carolyn **GAY, Melton Gay, Debtors.**

**Bankruptcy No. 97–10148.**

United States Bankruptcy Court,
E.D. Kentucky,
Ashland Division.

Sept. 24, 1997.

Paul Stewart Snyder, Ashland, KY, for Debtors.

Frank Warnock, Greenup, KY, for First & Peoples Bank & Trust Company.

## OPINION AND ORDER

WILLIAM S. HOWARD, Bankruptcy Judge.

The debtors in this Chapter 13 proceeding have objected to the amended claim of First & Peoples Bank & Trust Company (First & Peoples) herein. The amended claim was filed on May 22, 1997 in the amount of $31,-999.86 and is a deficiency claim upon a mortgage foreclosure on property formerly owned by debtors. At issue is the application of insurance proceeds resulting when the property was damaged by fire.

The debtors executed a mortgage in favor of First & Peoples on February 6, 1988. On September 2, 1992, after default in payment by debtors, a judgment and order of sale was issued by the Greenup Circuit Court for an indebtedness in the amount of $102,112.70. The property was appraised in the foreclosure proceeding for $90,000 and sold on October 2, 1992 for $81,000. First & Peoples was the purchaser at the foreclosure sale. The following day, October 3, 1992, the property was damaged by fire. At the time of the fire, there was in force hazard insurance which had been obtained by the debtors and First & Peoples was listed as loss payee thereon. The sale was confirmed by order of the Greenup Circuit Court dated November 4, 1992 and First & Peoples paid into Court the full amount of the purchase price and received a deficiency judgment in the amount of $32,947.94. On February 18, 1993, First & Peoples received a check payable to it in the amount of $30,985.29 for the insurance claim for fire damage occurring the day after the foreclosure sale.

The debtors contend that the fire insurance proceeds must be applied in reduction of the deficiency balance. First & Peoples Bank contends that since it proceeded to close on the property in its damaged condition, it should be entitled to the proceeds of the insurance policy since the fire occurred after it had become the equitable owner of the property by virtue of the foreclosure sale.

The mortgage executed by the parties in this proceeding requires that the debtors keep the improvements insured against loss by fire in amounts that the lender requires. That clause, paragraph 5 of the Uniform Covenants of the mortgage, also contains the following language:

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30–day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 19 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

 The sale by the commissioner of the within property transferred the equitable ownership of the property to First & Peoples while the debtors retained legal title to the property. This transfer of equitable ownership also placed the consequent risk of loss on the purchaser. *Kentucky Farm Bureau Mutual Insurance Company v. Conley, et al,* Ky., 498 S.W.2d 122 (1973); *Allstate Insurance Company v. Kentucky Central Insurance Company,* Ky.App., 700 S.W.2d 76 (1985). First & Peoples was then in the position of being a lender with a lien on the property and an equitable owner by virtue of having bid in the property at the foreclosure sale. As a lender, they had an insurable interest in the property which was protected by the insurance required by clause 5 of the mortgage. As a purchaser and equitable owner, they had an insurable interest and the record does not reflect that any insurance was obtained by the bank as such. Becoming the equitable owner of the property did not transfer with it the **owners'** benefit of the insurance obtained by the debtors. The debtors retained entitlement to the benefits of the insurance policy which they had obtained subject to the bank's interest in them and the bank was, in accordance with the above terms of the mortgage, required to apply the insurance proceeds to reduce the indebtedness of the debtors, in this case the deficiency balance. *Kentucky Farm Bureau Mutual Insurance Company,* supra.

The fact that the bank chose to go ahead and have the sale confirmed, at a time before any insurance proceeds were received, does not change this outcome. The bank could apparently have chosen to insure its interest or seek to avoid the sale but apparently did neither.

The objection of the debtors is well taken and should be sustained and the insurance proceeds applied to the deficiency balance or February 18, 1993. The record also reflects payments or credits of $11.95 on December 30, 1992, $413.32 on March 9, 1993, and $522.81 on June 12, 1993. After allowing interest pursuant to the judgment of the Greenup Circuit Court at the annual rate of 9.5% and deducting the aforesaid credits, it appears that First & Peoples Bank has an allowable unsecured claim in the proceeding in the amount of $1,444.62, which claim includes interest accruing pursuant to the judgment of the Greenup Circuit Court to date of bankruptcy.

IT IS THEREFORE ORDERED that the objection to claim filed herein by the debtors be, and the same hereby is, SUSTAINED, and the claim of First & Peoples Bank & Trust Company be, and the same hereby is, reduced to the sum of $1,444.62.