**CASTLE INSURANCE COMPANY,**
Appellant,

v.

Clinton **VANOVER; Ada Vanover; Roland Sumler; Wilma Sumler; Williamsburg National Bank; and McCreary County, Kentucky,** Appellees.

No. 1997-CA-002186-MR.

Court of Appeals of Kentucky.

May 21, 1999.

R. Aaron Hostettler, London, Kentucky, for Appellant.

Tim Lavender, Whitley City, Kentucky, for Clinton and Ada Vanover.

Before: DYCHE, EMBERTON and GARDNER, Judges.

## OPINION

EMBERTON, Judge.

The issue on this appeal involves the liability of Castle Insurance Company to Clinton and Ada Vanover, who were not named insureds under the policy nor were they designated as loss payees in the policy. The trial court awarded the Vanovers a portion of the proceeds of a homeowner's insurance policy. We affirm.

On March 4, 1991, the Vanovers sold a house and lot on Williamsburg Street in Whitley City, McCreary County, Kentucky, to Roland and Wilma Sumler for $22,000. The Sumlers borrowed $15,173 from a local bank giving the bank a promissory note and first mortgage on the property. The Sumlers also gave to the Vanovers a promissory note in the amount of $7,000 secured by a second mortgage on the property. The Sumlers purchased homeowners insurance on the house through Castle Insurance Company in the amount of $25,000, listing Mr. Sumler as the named insured and the bank as the mortgagee and loss payee. The Vanovers were not named as insured nor as loss payees on the policy.

On May 2, 1992, the house was destroyed by fire. The bank foreclosed and settled with Castle in the amount of $14,-350. Castle refused to pay the Vanovers any of the policy proceeds stating that neither was a party to the insurance contract nor named as an insured or loss payee.

The Vanovers filed suit against the Sumlers, the bank, McCreary County, and later, in an effort to recover from the proceeds of the insurance policy, filed an amended complaint naming Castle as a defendant. The trial court found that the Vanovers had an insurable interest in the property which the Sumlers had agreed to insure, and that they were entitled to an equitable lien upon the proceeds.

We agree with the trial court that as holders of a second mortgage the Vanovers had an insurable interest in the property as defined by Kentucky Revised Statute (KRS) 304.14–060(2). The Sumlers, by virtue of their agreement with the Vanovers, had an obligation to insure that interest. Through no fault of the Vanovers, however, they were not listed as insureds nor as loss payees on the Castle policy. In *Northwestern Fire & Marine Insurance Company of Minneapolis v. New York Life Insurance Company*, 238 Ky. 229, 37 S.W.2d 67 (1931), the court recited the majority rule that:

> '[I]f the mortgagor is bound by covenant or otherwise to insure the mortgaged premises for the better security of the mortgagee, the latter will have an equitable lien upon the money due on a policy taken out by the mortgagor to the extent of the mortgagee's interest in the property destroyed; and this equity exists, although the contract provides that in case of the mortgagor's failing to procure and assign such insurance, the mortgagee may procure it at the mortgagor's expense.'

*Id.* at 69.

Castle argues that *Northwestern* no longer dictates this case and has been overruled by the enactment of KRS 304.14–060(3) which provides in part that:

> When the name of a person intended to be insured is specified in the policy, such insurance can be applied only to his own proper interest. . . .

Castle interprets this provision to mean that only those whose names are specified in the policy can recover under the policy. The language of the statute, however, refutes such contention. It applies to situations where an insured is specified in the policy and prevents that named insured from recovering more than the value of his insurable interest.

This is precisely the conclusion reached in *Twin City Fire Insurance Company v.*

*Walter B. Hannah, Inc.*, Ky., 444 S.W.2d 131 (1969), relied on by Castle. In that case, the issue was whether the insurance company is subrogated to the rights of the mortgagee where the mortgagee obtains a policy insuring his own interest, and after loss, recovers from the insurer the full amount of the mortgage debt. The mortgagee, the court held, could recover to the extent of his interest in the property, the debt, and the insurer is subrogated to the mortgagee's rights against the mortgagor. *Id.* at 135.

■ The rule as stated in *Northwestern* prevails. In situations where the mortgagor agrees to insure the property for the benefit of the mortgagee, but fails to do so, an equitable lien is created on the insurance proceeds for the benefit of the mortgagee to the extent of its insurable interest.

The judgment of the McCreary Circuit Court is affirmed.

All concur.