**NORTHBROOK PROPERTY AND CASUALTY INSURANCE COMPANY, individually and as Assignee of J. Chester Porter and MC Construction, Inc. Plaintiff–Appellees,**

v.

**WEST AMERICAN INSURANCE COMPANY, Defendant–Appellant.**

No. 99–5594.

United States Court of Appeals, Sixth Circuit.

Jan. 4, 2001.

Before BATCHELDER and COLE, Circuit Judges; GRAHAM, District Judge.*

---

* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

GRAHAM, District Judge.

Defendant West American Insurance Company ("West American") appeals the decision of the district court in favor of plaintiff Northbrook Property and Casualty Insurance Company ("Northbrook"), in which the district court held that West American was required to pay its pro rata share of the amount paid as a result of fire damage to a building that was the subject of insurance policies issued by both companies. West American contends that because Northbrook's insured, MC Construction, Inc. ("MC"), was contractually obligated to insure the property against loss by fire, Northbrook was solely liable for the fire loss. For the reasons set forth below, the decision of the district court is AFFIRMED.

## BACKGROUND

The facts are undisputed. *See* Joint App. at p. 19 (Stipulation of Facts). West American's insured, J. Chester Porter ("Porter") and Northbrook's insured, MC, contracted on August 24, 1995 for MC to construct an office building on Porter's property. The contract required Porter to maintain property liability insurance coverage, and MC was required to maintain "hazard, fire and extended coverage insurance, including valuation and coverage adequate to provide full replacement costs of the Project (Builders Risk)." Joint Append. p. 26 (Construction Contract). In compliance with this provision, MC obtained coverage from Northbrook from August 28, 1995 through August 28, 1996. Northbrook's policy named MC as an insured and included an endorsement adding Porter as a named insured. Although he

was not required to do so under the contract, Porter obtained similar "Builder's Risk" coverage from West American, which was effective from October 19, 1995 through April 13, 1996. In West American's policy, only Porter was identified as a named insured.

On January 9, 1996, during the construction of the building and before it was turned over to Porter, the building was destroyed by fire. Both Northbrook and West American were notified of the loss. Northbrook requested that West American pay its pro rata share of the loss, but West American denied liability and refused to pay any portion of the loss. Northbrook paid the full amount of the fire loss, which totaled $551,866.00.

Northbrook then filed suit to recover from West American its pro rata share of the compensated loss. The parties filed cross motions for summary judgment. The district court found in favor of Northbrook. Specifically, the district court held that Porter had an insurable interest in the building and, therefore, West American was required to pay its pro rata share of the compensated loss. *See* Joint App. at p. 16 (District Ct. Order).

## DISCUSSION

This court reviews a grant of summary judgment *de novo*. *See McLean v. 988011 Ontario, Ltd.,* 224 F.3d 797, 800 (6th Cir. 2000). We will, therefore, apply the same legal standard, Fed.R.Civ.P. 56(c), that was utilized by the district court. *See id.* Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a mater of law." Fed. R.Civ.P. 56(c). In deciding a motion for summary judgment, this court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party. *See Northland Ins. Co. v. Guardsman Prods., Inc.,* 141 F.3d 612, 616 (6th Cir. 1998). To prevail, the party opposing the motion must produce sufficient evidence to create a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A mere scintilla of evidence is insufficient, as there must be evidence on which a jury could reasonably find for the party opposing the motion. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

West American's argument revolves around a central theme. West American contends that since MC, not Porter, was contractually obligated to purchase Builder's Risk insurance, MC's insurer, Northbrook, was solely responsible for the loss.

■ West American correctly notes that its coverage was limited to Porter's insurable interest in the property. *See Allstate Ins. Co. v. Kentucky Cent. Ins. Co.,* 700 S.W.2d 76 (Ky.App.1985). It then argues that, as a result of MC's agreement to purchase Builder's Risk insurance, Porter's insurable interest in the building was reduced to the risk that MC would not obtain such insurance; this risk did not materialize and, therefore, it is not liable under its policy. West American further argues that if it is required to pay any part of the loss, this would result in a benefit to MC, which is not named as insured in its policy, and that this would violate Ky.Rev. Stat. Ann. § 304.14–060(3). Neither argument has merit.

■ "Insurable Interest" is defined in § 304.14–060(2), as follows:

Insurable interest as used in this section means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance

free from loss, destruction, or pecuniary damage or impairment.

Porter's insurable interest in the building was not limited to the risk that MC would fail to obtain fire insurance. Porter was the owner of the realty, and under well-settled principles of property law, the building, even in its uncompleted state, was part of this realty. *See* 35 Am.Jur.2d *Fixtures* § 78 (1967) ("a building on land is considered part of the realty"); *id. Property* § 15 ("a building permanently fixed to the freehold becomes part of it"). His insurable interest was the full value of the building as it existed at the time of loss. West American cites no law for the proposition that MC's agreement to insure the building affected or diminished Porter's property interest in it.

West American argues that since MC is not a named insured in its policy, it cannot receive any benefit, direct or indirect, from its policy. For support of this proposition, West American relies on Ky.Rev.Stat. Ann. § 304.14–060(3), which provides as follows:

304.14–060 INSURABLE INTEREST, PROPERTY

\* \* \* \* \* \*

■ (3) When the name of a person intended to be insured is specified in the policy, such insurance can be applied only to his own proper interest. This section shall not apply to life, health or title insurance.

The purpose of the statute is to prevent a named insured from recovering more than the value of his insurable interest. *See Castle Insurance Company v. Vanover*, 993 S.W.2d 509, 510 (Ky.App.1999). Since Porter's insurable interest was the full value of the building at the time of loss, the statute is not implicated in this case. The statute does not require all persons who have an insurable interest in the property to be named in the policy, nor does it preclude persons who are not named in the policy from receiving an indirect benefit from it. *See id.* The fact that MC is not named in West American's policy is irrelevant to an analysis of West American's liability to share in a loss covered by its policy.

The cases relied upon by West American are inapposite to the issue at hand. In *Kentucky Farm Bureau Mutual Insurance Company v. Conley*, 498 S.W.2d 122 (Ky.1973), the court was required to determine the extent of the insured's interest where the insured property had been sold at a foreclosure sale. The court held that the insurer's liability was limited to its insured's security interest in the proceeds of the foreclosure sale. In *Twin City Fire Insurance Company v. Walter B. Hannah, Inc.*, 444 S.W.2d 131 (Ky.1969). Twin City insured the interest of a land contract vendor. Hanna, and Buckeye Union Fire Insurance Company ("Buckeye Union") insured the interest of the land contract vendee, Dunaway. Dunaway was not named in the Twin City policy, and Hanna was not named in the Buckeye Union policy. The court held that Twin City was not an insurer of Dunaway and that Dunaway was not entitled to any benefits under Twin City's policy. The court cited, among other authorities, Ky.Rev.Stat. Ann. § 304.652, which was apparently the predecessor to § 304.14–060(3). Here, unlike *Twin City Fire Insurance Company*, Porter was named in both policies and unquestionably had an insurable interest in the property at the time of loss. Neither *Kentucky Farm Bureau Mutual Insurance Company* nor *Twin City Fire Insurance Company* are helpful in deciding the instant case.

West American also relies on the case of *Allstate Insurance Company v. Kentucky Central Insurance Company*, 700 S.W.2d 76 (Ky.App.1985), a case in which Allstate

272

provided fire insurance to the seller of a building and Kentucky Central provided it to the purchaser. The sales contract required the seller to "maintain insurance until closing" and the property was damaged by fire before the closing. Kentucky Central paid the loss and sued Allstate for a declaration of rights and damages. The single issue presented to the court was whether Allstate's insured, the seller, had an insurable interest in the property. The court held that the seller did have an insurable interest because his contractual obligation to maintain insurance until closing exposed him to a contractual economic loss if he failed to do so. The case did not involve the application of Ky.Rev.Stat. Ann. § 304.14–060(3). The court specifically noted that the purchaser also had an insurable interest in the property, citing Kentucky law to the effect that a purchaser under an executory real estate sales contract is the equitable owner of the property. *See Allstate Ins. Co.,* 700 S.W.2d at 77. The court affirmed a summary judgment in favor of Kentucky Central. Here, unlike the situation in *Allstate Ins. Co.,* Porter was a named insured in both policies. This fact likewise distinguishes the instant case from *State Farm Fire & Casualty Co. v. Zurich Insurance Company,* 111 F.3d 42, 45 (6th Cir.1997) ("the Zurich policy did not have the same insureds or cover the same interests"), relied upon by West American in its reply brief.

Northbrook argues that the West American policy is "other insurance." This term is defined as follows:

"Other" or "double" insurance exists where two or more policies of insurance are effected upon or cover the same interests in the same, or part of the same, property, against the same risk, and either in the name or for the benefit of the same person.

7 Couch on Insurance 3D § 98:1 (3d ed. 1995). Clearly the West American insurance is "other insurance."

Both Northbrook and West American included "other insurance" clauses in their respective contracts. "Other insurance" clauses limit an insurers liability where other insurance may cover the same loss. *See id.* at § 219:1. The "other insurance" clauses in question both provide that each insurer is responsible only for coverage "in excess" of the amount due from the other insurer. Generally, when two or more insurance policies contain "excess" insurance clauses, the clauses are considered mutually repugnant and disregarded, with each insurer responsible for its pro rata share of the compensated loss. *See Calvert Fire Ins. Co. v. Stafford,* 437 S.W.2d 176, 179 (Ky.1969) ("[s]ince both policies are valid policies, both insure the same interest, and both contain the pro-rata loss provision, we are of the opinion that the [appellees'] loss should be borne [by both insurance companies]"); *see also Kentucky Sch. Bds. Ins. Trust v. Horace Mann Ins. Co.,* 919 F.Supp. 1056, 1058 (E.D.Ky.1996); *Ohio Casualty Ins. Co. v. State Farm Mutual Auto. Ins. Co.,* 511 S.W.2d 671, 674 (Ky.1974).

Northbrook paid the entire amount of the compensated loss. For the foregoing reasons, we find that Northbrook is entitled to collect from West American its pro rata share of the compensated loss. Accordingly, the judgment of the district court is AFFIRMED.